JH          F I L E D    NF

**IN THE UNITED STATES DISTRICT COURT** AUG 3 1 2007
**FOR THE NORTHERN DISTRICT OF ILLINOIS** AUG. 31, 2007
**EASTERN DIVISION**          MICHAEL W. DOBBINS
                              CLERK, U.S. DISTRICT COURT

JOSE TRUJILLO, individually and on behalf of all
others similarly situated,

        Plaintiff,          **07CV 4946**

    v.          **JUDGE KENNELLY**
                       **MAGISTRATE JUDGE ASHMAN**

APPLE COMPUTER, INC., a California
corporation and AT&T, Inc., a Texas corporation,

        Defendants.

## DEFENDANT APPLE INC.'S NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, defendant Apple Inc.,
formerly known as Apple Computer, Inc. ("Apple") hereby removes to this Court the state action
described below, which is within the original jurisdiction of this Court and properly removed
under 28 U.S.C. §§ 1332, 1446, and 1453.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), copies of
this Notice of Removal are being served upon counsel for Plaintiff Jose Trujillo and filed with
the Clerk of the Circuit Court of Cook County, Illinois as an exhibit to a Notice to State Court of
Removal to Federal Court. A copy of the Notice being filed in state court is attached hereto
(without exhibits) as Exhibit A.

### PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.    On July 26, 2007, Plaintiff Jose Trujillo filed a purported class action against
Apple and Defendant AT&T, Inc. ("AT&T") in the Chancery Division of the County

444003.1 54411-40509

Dockets.Justia.com

Department of the Circuit Court of Cook County entitled *Trujillo v. Apple Computer, Inc.*, No. 07-CH-19744.

2.     Apple was served with the Summons and Complaint on August 2, 2007. This notice is therefore timely pursuant to 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Apple in the action are attached to this Notice as Exhibit B.

3.     The Circuit Court of Cook County, Illinois is located with the Eastern Division of the Northern District of Illinois. 28 U.S.C. § 84(c)(2). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

## ALLEGATIONS OF THE COMPLAINT

4.     This action is a putative class action against Apple and AT&T on behalf of purchasers nationwide of the recently-released iPhone for alleged "purposeful and fraudulent concealment to purchasers of its iPhone cellular telephone that they will be required to incur an annual fee of $85.95 as part of Defendants' battery replacement program." (Compl. at p. 1.) According to Plaintiff, Apple failed to disclose "to Plaintiff and to the public, prior to purchase, [that] the iPhone is a sealed unit with it's [sic] battery soldered on the inside of the device so that it cannot be changed by the owner" and that "[t]he battery . . . can only be charged approximately 300 times before it will be in need of replacement, necessitating a new battery annually for owners of the iPhone." (Compl. ¶ 13.) The Complaint asserts that Apple charges $85.95 to replace the battery and $29.00 for "a loaner iPhone" during the replacement. (Compl. ¶ 14-15.)  According to Plaintiff, Apple "failed to inform the Plaintiff and the class of the durability of the iPhone battery, the terms and conditions of it's [sic] battery replacement program and 'loaner' program, and the cost of same." (Compl. ¶¶ 17-19.) Therefore, Plaintiff alleges that "[he] and the class will incur costs of approximately 20% of the purchase price of the

iPhone simply for maintenance, repair, and/or replacement of the iPhone battery." (Compl. ¶ 30(f).) Plaintiff further alleges that "Defendants require that Plaintiff and the class sign a two-year service contract, all but ensuring that Plaintiff and the class will be forced to pay for the iPhone battery replacement program at least once during the initial two year contract." (Compl. ¶ 32.)

5.     Plaintiff seeks to represent a putative class comprised of "all consumers, from 2007 to the date of judgment, throughout the United States, who purchased Defendants' iPhone." (Compl. ¶ 25.)

6.     On behalf of Plaintiff and the putative class, the Complaint attempts to state claims for: (1) Fraudulent Concealment; (2) Violation of Illinois Consumer Fraud and Deceptive Business Practices Act; (3) Breach of Contract; (4) Breach of Implied Warranties; (V) Unjust Enrichment; and (VI) Accounting. The Complaint seeks, *inter alia*, compensatory damages, punitive damages, declaratory relief, restitution, attorney's fees, and costs. (Compl. at p. 20.)

7.     Apple disputes Plaintiff's allegations, believes the Complaint lacks merit, and denies that Plaintiff or the putative class have been harmed in any way.

## BASIS FOR REMOVAL

8.     This action is within the original jurisdiction of this Court, and removal is therefore proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over class actions such as this one, in which the matter in controversy exceeds $5,000,000 and any member of the class of plaintiffs is a citizen of a State different from any defendant. Additionally, 28 U.S.C. § 1453(b) permits removal of a class action from a state court to a district court without regard to whether any defendant is a citizen of the State in which the action is brought. Moreover, 28 U.S.C. § 1453(b) provides that a class action may be removed by any defendant without the consent of all defendants. As set

forth below, this action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA. *See Knudsen v. Liberty Mutual Ins. Co.*, 435 F.3d 755 (7th Cir. 2006); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005) (requiring removal of consumer class actions which satisfy CAFA requirements).

9.     Covered Class Action. This action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b).  Plaintiff purports to bring this action as a class action, pursuant to 735 Illinois Compiled Statutes section 5/2-801 on behalf of "all consumers, from 2007 to the date of judgment, throughout the United States, who purchased Defendants' iPhone." (Compl. ¶ 25.) Plaintiff alleges that the nationwide class "numbers in at least the hundreds of thousands, if not millions. . . ." (Compl. ¶ 26.)

10.     Diversity. The required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  Plaintiff Jose Trujillo is a citizen of the State of Illinois.  (Compl. ¶ 4.) Plaintiff purports to represent a nationwide class of all iPhone purchasers.  (Compl. ¶ 25.) Plaintiff's Complaint is brought against Apple "a California corporation . . . whose headquarters are located in Cupertino, California . . ." and AT&T "a Texas corporation . . . whose headquarters are located in San Antonio, Texas . . . ."  (Compl. ¶¶ 2-3.)  As of the time of removal, the citizenship of Apple has not changed.  Accordingly, a member of the purported class in this case — Plaintiff Trujillo — is a citizen of a state (Illinois) different from a defendant (California and Texas), thus satisfying the diversity requirements of 28 U.S.C. § 1332(d)(2)(A). Further, because the putative class includes members from every state, and because CAFA confers federal jurisdiction where any member of a class of plaintiffs is a citizen of a state

different from any defendant, this putative nationwide class action satisfies the diversity requirements of 28 U.S.C. § 1332(d)(2)(A).

11.    <u>Matter in Controversy</u>. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). Without conceding any merit to the Complaint's allegations or causes of action, the matter in controversy in this action satisfies this jurisdictional threshold. As the Seventh Circuit has explained, for purposes of removal "[t]he question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties." Brill, 427 F.3d at 448 ("That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").

12.    <u>Matter in Controversy – Alleged Damages</u>. Plaintiff alleges a number of different damages measures, all of which plainly exceed $5 million. For example, Plaintiff alleges that Defendants failed to disclose to him and to the putative class that they will have to get a new battery for the iPhone annually, at a cost of $85.95 for each battery replacement plus an additional $29.00 for the use of a "loaner iPhone" while the purchaser's iPhone is under repair. (Compl. ¶¶ 13-15.) Plaintiff also alleges that "[t]he battery replacement program will cost iPhone consumers nearly 20% of their purchase price of their phone annually." (Compl. ¶ 22.). Plaintiff alleges that he paid $533.93 for his iPhone. (Compl. ¶ 8.) Thus, these allegations claim actual damages of no less than $85.95 for each iPhone purchaser. The Complaint alleges that the "class numbers in at least the hundreds of thousands, if not millions." (Compl. ¶ 26.) The Complaint estimates that "Apple sold over 500,000 iPhone's [sic] within the first week following it's [sic] launch on June 29, 2007". (Compl. ¶ 9.) Assuming damages and class size at the low

end of the range in Plaintiff's allegations (i.e. a damages measure of $85.95 per iPhone and sales of just 200,000 iPhones), Plaintiff is claiming damages of over $17 million. While Apple disputes that that it is liable to Plaintiff or the putative class, or that Plaintiff or the putative class suffered injury or incurred damages in any amount whatsoever, the Complaint demonstrates on its face that, for purposes of compliance with CAFA, the matter in controversy exceeds $5,000,000. *See Brill,* 427 F.3d at 447.

13. <u>Matter in Controversy –– Punitive Damages</u>. The Complaint also seeks punitive damages. (Compl. at p. 20.) Punitive damages also are considered part of the amount in controversy. *See Oshana v. Coca-Cola Co.,* 472 F.3d 506, 512-13 (7th Cir. 2006) (including punitive damages in analyzing amount in controversy). Apple believes that no damages, compensatory or punitive, should or will be awarded in this case; however, for purposes of this amount in controversy requirement, claimed punitive damages may be considered.

14. <u>Matter in Controversy – Attorneys' Fees</u>. Plaintiff also seeks an award of attorneys' fees. (Compl. at 20.) This amount also should be included in the amount in controversy calculation. Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 202 (1933).

15. <u>No CAFA Exclusions</u>. The action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d). As neither of the defendants are citizens of the State of Illinois, the state in which the action was filed, the exclusions to removal jurisdiction set forth in 28 U.S.C. § 1332(d)(3)-(4) cannot apply, and because no other exclusion applies, this action is removable pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453(b).

## CONCLUSION

16. For all of the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(d). Accordingly, this action is removable pursuant to 28 U.S.C. § 1441(a) and § 1453.

WHEREFORE, Defendant Apple Inc. gives notice that the above-described action pending against it in the Circuit Court of Cook County, Illinois, is removed to this Court.

Dated:  August 31, 2007

Respectfully submitted,

APPLE INC.

By: _____
One of its Attorneys

Patrick T. Stanton (#6216899)
Edward S. Weil (#6194191)
Schwartz Cooper Chartered
180 North LaSalle Street, Suite 2700
Chicago, Illinois 60601
(312) 346-1300
*and*
Penelope A. Preovolos
Andrew D. Muhlbach
Johanna W. Roberts
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone:  (415) 268-7000
Fax:  (415) 268-7522

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – CHANCERY DIVISION

| | |
|---|---|
| JOSE TRUJILLO, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>APPLE COMPUTER, INC., a California Corporation, and AT&T, INC., a Texas Corporation,<br><br>     Defendants. | No.  07 CH 19744 |

## NOTICE TO PLAINTIFF AND STATE COURT OF REMOVAL TO FEDERAL COURT

TO PLAINTIFF JOSE TRUJILLO AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the United States District Court for the Northern District of Illinois, Eastern Division, on August 31, 2007.

A copy of said Notice of Removal is attached to this Notice as Exhibit A, and is served and filed herewith.

**EXHIBIT A**

Dated:  August 31, 2007

Respectfully submitted,

APPLE INC.

By: _____

One of its Attorneys

Patrick T. Stanton
Edward S. Weil
Schwartz Cooper Chartered
180 North LaSalle Street, Suite 2700
Chicago, Illinois 60601
(312) 346-1300
Firm ID No.:  31395
*And*
Penelope A. Preovolos
Andrew D. Muhlbach
Johanna W. Roberts
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone:  (415) 268-7000
Fax:  (415) 268-7522

## CERTIFICATE OF SERVICE

I, Karyn L. DeCuir, a paralegal, hereby certify that I caused to be served a true and correct copy of the attached Notice to Plaintiff and State Court of Removal to Federal Court upon the following parties, by hand delivery, this 31st day of August, 2007.

Larry D. Drury, Esq.
Larry D. Drury, Ltd.
205 W. Randolph Street, #1430
Chicago, IL 60603

Victoria R. Collado, Esq.
Mayer, Brown, Rowe, Maw, LLP
71 S. Wacker Drive
Chicago, IL 60606

Karyn L. DeCuir

Subscribed and Sworn to
before me this 31st day of
August, 2007

Notary Public

"OFFICIAL SEAL"
Lillian A Dixon
Notary Public, State of Illinois
Commission Expires 3/29/2011

444087.1 099990-32004



(2/21/95)  CCCH 0623

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - CHANCERY DIVISION

JOSE TRUJILLO, individually and on behalf of all
others similarly situated,

**Plaintiff**

**v.**

APPLE COMPUTER, INC., and AT&T, INC.

**Defendant**

**Case No.**

**07CH 19744**

## CHANCERY DIVISION CIVIL COVER SHEET

   A Chancery Division Civil Cover Sheet shall be filed with the initial complaint in all actions filed in the Chancery
Division. The information contained herein is for Administrative purposes only and shall not be introduced into evidence.
Please check the box in front of the appropriate category which best characterizes your action being filed.

| | | |
|---|---|---|
| 005 | _____ | **Administrative Review** |
| 006 | _____ | **Change of Name** |
| 001 | __x__ | **Class Action** |
| 002 | _____ | **Declaratory Judgment** |
| 004 | _____ | **Injunction** |
| 008 | _____ | **Mechanic's Lien** |
| 003 | _____ | **Mortgage Foreclosure** |

| 007 | _____ | **General Chancery** | | |
|---|---|---|---|---|
| | _____ | **Accounting** | _____ | **Partition** |
| | _____ | **Arbitration Awards** | _____ | **Quiet Tile** |
| | _____ | **Certiorari** | _____ | **Quo Warranto** |
| | _____ | **Dissolution of Corporation** | _____ | **Redemption Rights** |
| | _____ | **Dissolution of Partnership** | _____ | **Reformation of a Contract** |
| | _____ | **Equitable Lien** | _____ | **Rescission of a Contract** |
| | _____ | **Interpleader** | _____ | **Specific Performance** |
| | _____ | **Mandamus** | _____ | **Trust Construction** |
| | _____ | **Ne Exeat** | _____ | **Other** _____ |

**By:** _____

**Attorney**         ~~Pro Se~~

**Atty. Code:**  22873
**Name:**   Larry D. Drury, Ltd.
**Address:** 205 West Randolph, Suite 1430
**City:**   Chicago, IL  60606
**Telephone:**  312/346-7950

**EXHIBIT B**



DOROTHY BROWN,  CLERK OF THE CIRCUIT COURT OF COOK COUNTY

2120 - Served          2121 - Served
2220 - Not Served      2221 - Not Served
2320 - Served By Mail  2321 - Served By Mail
2420 - Served By Publication   2421 - Served By Publication
SUMMONS                ALIAS - SUMMONS          CCG N001-10M-1-07-05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, <u>CHANCERY</u> _____ DIVISION

(Name all parties)
Jose Trujillo

}

## 07CH 19744

v.

No. _____

Apple Computer, Inc. and AT&T, Inc.

TO; Apple Computer, Inc.
c/o CT Corporation System
208 S. LaSalle St., Suite 814
Chicago. Illinois 60604

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room <u>802</u> _____, Chicago, Illinois 60602

❑ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

❑ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

❑ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

❑ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

❑ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

❑ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

WITNESS, _July 26_, _2007_

Atty. No.: _22873_

Name: _Larry D. Drury, Ltd._

Atty. for: _Plaintiff_

Address: _205 W. Randolph, Suite 1430_

City/State/Zip: _Chicago, Illinois 60606_

Telephone: _312.346.7950_

Service by Facsimile Transmission will be accepted at: _____

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS    CCG N001-10M-1-07-05 (                    ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

(Name all parties)

Jose Trujillo

v.

Apple Computer, Inc. and AT&T, Inc.

} **07CH 19744**

No. _____

TO; Apple Computer, Inc.
c/o CT Corporation System
208 S. LaSalle St., Suite 814
Chicago. Illinois 60604

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 _____, Chicago, Illinois 60602

❑ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

❑ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

❑ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

❑ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

❑ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

❑ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

WITNESS, _____July 26____, 2007_

Atty. No.: 22873

Name: Larry D. Drury, Ltd.

Atty. for: Plaintiff

Address: 205 W. Randolph, Suite 1430

City/State/Zip: Chicago, Illinois 60606

Telephone: 312.346.7950

Service by Facsimile Transmission will be accepted at: _____

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

N THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – CHANCERY DIVISION

JOSE TRUJILLO, individually )
and on behalf of all others )
similarly situated, )     No. **07CH 19744**
               Plaintiff, )
 )
     v. )
 )
APPLE COMPUTER, INC., a California )
Corporation, and AT&T, INC., a Texas )
Corporation, )
               Defendants. )

## CLASS ACTION COMPLAINT

Plaintiff, JOSE TRUJILLO ("Plaintiff" or "Trujillo"), for
his Class Action Complaint on behalf of himself and all others
similarly situated, by and through his attorneys, LARRY D. DRURY,
LTD., upon personal knowledge as to facts pertaining to himself
and upon information and belief as to all other matters, based on
the investigation of his counsel, against Defendants APPLE
COMPUTER, INC. ("Apple"), and AT&T, INC. (AT&T) (collectively
hereinafter "Defendants") states as follows:

### INTRODUCTION

This case arises out of Defendants' purposeful and fraudulent
concealment to purchasers of its iPhone cellular telephone that
they will be required to incur an annual fee of $85.95 as part of
Defendants' battery replacement program.

### PARTIES

1.    Plaintiff, Trujillo, at all times relevant hereto resided
      in village of Melrose Park, county of Cook, Illinois.

2.  At all times relevant hereto, Defendant, Apple, was a California corporation with facilities located throughout Illinois and the United States, whose headquarters are located in Cupertino, California and who is doing business in Cook County, Illinois.

3.  At all times relevant hereto, Defendant, AT&T, was a Texas corporation with facilities located throughout Illinois and the United States, whose headquarters are located in San Antonio, Texas and who is doing business in Cook County, Illinois.

## JURISDICTION & VENUE

4.  This Court has jurisdiction over this action pursuant to 735 ILCS 5/2-209, in that the Defendant has transacted business and committed acts relating to the matters complained of herein in this state. The Court also has jurisdiction to declare the rights and obligations of the parties under 735 ILCS 5/2-701. Finally, Plaintiff is a citizen of the State of Illinois and submits to the jurisdiction of this State.

5.  Venue is proper in this Court pursuant to 735 ILCS 5/2-101, 735 ILCS 5/2-102, and 815 ILCS 505/10a(b), as Defendant is a California corporation doing business in Cook County, Illinois.

6.  This case must be heard in a state forum. Plaintiff asserts no federal question and Plaintiff's state law claims cannot be federally pre-empted on any grounds.

2

Plaintiff's individual claim is valued at less than $75,000 inclusive of all damages and fees, and Plaintiff expressly disclaims any amount of individual recovery equal to or exceeding $75,000.00.

## SUBSTANTIVE ALLEGATIONS

7.   On or about June 29, 2007 Apple launched, to much fanfare, its iPhone, a hybrid cell phone, iPod media player, and wireless web-browsing device.

8.   Plaintiff purchased his iPhone from an Apple retail store located in OakBrook, Illinois, for $533.93.

9.   It is estimated that Apple sold over 500,000 iPhone's within the first week following it's launch.  These devices were sold in Apple and AT&T retail stores and online through Apple's website.

10.  AT&T is the iPhone's exclusive carrier, and along with Apple retails the iPhone in their retail stores.

11.  Apple marketed it's iPhone as a "revolutionary new mobile phone" that incorporates "high technology".

12.  Unknown to the Plaintiff, and undisclosed to the public, prior to purchase, the iPhone is a sealed unit with it's battery soldered on the inside of the device so that it cannot be changed by the owner.

13.  The battery enclosed in the iPhone can only be charged approximately 300 times before it will be in need of replacement, necessitating a new battery annually for owners of the iPhone.

3

14. Apple maintains a "battery replacement program" for the iPhone which requires users to submit their phone to Apple for service. For the battery replacement and/or service, Apple charges $79.00 plus $6.95 for shipping and handling, totaling $85.95 per service.

15. The battery replacement takes three days, and while the iPhone is under repair, Apple provides a 'loaner iPhone' for $29.00.

16. During the repair and/or service to the iPhone under the battery replacement program, all data is erased from the iPhone, including contact phone numbers, etc.

17. Although Apple and AT&T outlined its cellular service rates and many other features of the iPhone in advance of its launch, Apple and AT&T waited to disclose the durability of it's battery, the terms and conditions of it's battery replacement program and 'loaner' program, and the cost of same, until after the iPhone went on sale.

18. The iPhone packaging and its enclosed manuals and/or papers failed to inform the Plaintiff and the class of the durability of the iPhone battery, the terms and conditions of it's battery replacement program and 'loaner' program, and the cost of same.

19. The Defendants' marketing and promotion of the iPhone failed to inform the Plaintiff and the class of the durability of it's battery, the terms and conditions of

4

it's battery replacement program and 'loaner' program, and the cost of same.

20. On or about Thursday, July 5, 2007 Apple spokesperson, Jennifer Hakes, said Apple posted the battery replacement program details on its website after the iPhone went on sale.

21. The battery replacement program information on Apple's website was located under several layers of links on the support page of Apple's website.

22. The battery replacement program will cost iPhone consumers nearly 20% of the purchase price of their phone annually, amounting to a de facto annual maintenance and/or service charge.

23. The terms and costs of the battery replacement program, and the durability and life of the battery, were not disclosed to Plaintiff and the class prior to their purchase, and could not have been discovered by Plaintiff and the class where Apple and AT&T failed to disclose same in advance of the iPhone launch date.

24. The Plaintiff and the class were required to sign a minimum two-year service plan with AT&T at the time of purchase of the iPhone.

## CLASS ALLEGATIONS

25. Pursuant to 735 ILCS 5/2-801, Plaintiff brings this action on behalf of himself and a class of similarly situated individuals. The class consists of all

consumers, from 2007 to the date of judgment, throughout
the United States, who purchased Defendants' iPhone.

26.  Upon information and belief, the Plaintiff class numbers
in at least the hundreds of thousands, if not millions,
such that joinder of all members is impracticable.

27.  Common questions predominate over questions affecting
individual members of the class.  Common questions
include:

    i.  Whether Defendants committed a breach of the
    Illinois Consumer Fraud and Deceptive Business
    Practices Act, and all like and similar statutes
    throughout the United States;

    ii.  Whether Defendants purposefully omitted,
    misrepresented, and/or fraudulently concealed the
    durability of the iPhone battery, the terms and
    conditions of its battery replacement program and
    "loaner" program, and the cost of same, prior to
    purchase by Plaintiff and the class.

    iii.  Whether Defendants committed a breach of contract
    and/or breach of warranty to Plaintiff and the
    class.

    iv.  Whether Defendants were unjustly enriched to the
    detriment of Plaintiff and the Class.

28.  Plaintiff will fairly and adequately protect the interest
of the class; Plaintiff has retained counsel competent
and experienced in class action litigation; and Plaintiff

6

has no interests antagonistic to those of the Plaintiff
class members.

29.    A class action is an appropriate method for fairly and
efficiently adjudicating this controversy because, among
other things, joinder of all members of the class is
impracticable, and employing the class action device
here, in lieu of entertaining individual suits on the
same issue, would greatly serve judicial economy.

### COUNT I: FRAUDULENT CONCEALMENT

1-29 Plaintiff incorporates the allegations of ¶1-¶29 above
of this Complaint as if fully stated herein in this
Count I.

30.    Defendants concealed the following material facts from
Plaintiff and the class prior to their purchase of the
iPhone:

a. That the iPhone battery is enclosed and soldered
inside the iPhone, and cannot be changed by the owner
but instead must be returned to Apple for service
and/or repair;

b. That the iPhone battery has a durability and/or
lifetime of approximately 300 charges, necessitating
frequent and more than annual maintenance, repair,
and/or replacement if charged regularly on a daily
basis;

c. That replacement, repair, and/or maintenance of the
iPhone battery will cost Plaintiff and the class

7

approximately $85.95 under the Defendants' battery replacement program;

d. That the battery replacement program requires Plaintiff and the class to be without their iPhone for approximately three days, and results in complete loss of all stored data;

e. That Defendants will charge Plaintiff and the class $29.00 for use of an iPhone while their phone is being serviced under the battery replacement program.

f. That annually, Plaintiff and the class will incur costs of approximately 20% of the purchase price of the iPhone simply for maintenance, repair, and/or replacement of the iPhone battery.

31. The facts as alleged in ¶30(a)-(f) above, and the ninth-inning disclosure by Defendants of same, were material in that had Plaintiff and the class known the true nature of the iPhone and its actual expense they would not have purchased the iPhone from Defendants or conducted business with Defendants.

32. Defendants require that Plaintiff and the class sign a two-year service contract, all but ensuring that Plaintiff and the class will be forced to pay for the iPhone battery replacement program at least once during the initial two year contract.

33. Defendant had a duty to disclose the material facts, as alleged in ¶30(a)-(f) above, to Plaintiff and the Class

8

because Defendant was in a position of superior knowledge
to Plaintiff, in that Defendants knew of, and Plaintiff
could never have known of, the fraudulent nature of
Defendants' misrepresentations, omissions, and
statements.

34.    As a result of Defendants' fraudulent concealment of
material facts, such as those alleged in ¶30(a)-(f)
above, Plaintiff and the class have and will suffer
damages.

<u>COUNT II: ILLINOIS CONSUMER FRAUD</u>

<u>AND DECEPTIVE BUSINESS PRACTICES ACT</u>

1-29    Plaintiff incorporates the allegations of ¶1-¶29 above
of this Complaint as if fully stated herein in this
Count II.

30.    By and through its advertisements, marketing, promotions,
packaging, and manual, Defendants fraudulently
misrepresented, concealed, and or omitted material facts
to and from Plaintiff and the class, such as:

a. That the iPhone battery is enclosed and soldered
inside the iPhone, and cannot be changed by the owner
but instead must be returned to Apple for service
and/or repair;

b. That the iPhone battery has a durability and/or
lifetime of approximately 300 charges, necessitating
frequent and more than annual maintenance, repair,

and/or replacement if charged regularly on a daily
basis;

c. That replacement, repair, and/or maintenance of the
iPhone battery will cost Plaintiff and the class
approximately $85.95 under the Defendants' battery
replacement program;

d. That the battery replacement program requires
Plaintiff and the class to be without their iPhone for
approximately three days, and results in complete loss
of all stored data;

e. That Defendants will charge Plaintiff and the class
$29.00 for use of an iPhone while their phone is being
serviced under the battery replacement program.

f. That annually, Plaintiff and the class will incur
costs of approximately 20% of the purchase price of
the iPhone simply for maintenance, repair, and/or
replacement of the iPhone battery.

31.    Such fraud was committed by Defendants in the course
of trade and commerce, as Plaintiff and the class were
consumers of Defendants' product.

32.    Defendants had knowledge of the following:

a. That the iPhone battery is enclosed and soldered
inside the iPhone, and cannot be changed by the owner
but instead must be returned to Apple for service
and/or repair;

b. That the iPhone battery has a durability and/or
lifetime of approximately 300 charges, necessitating
frequent and more than annual maintenance, repair,
and/or replacement if charged regularly on a daily
basis;

c. That replacement, repair, and/or maintenance of the
iPhone battery will cost Plaintiff and the class
approximately $85.95 under the Defendants' battery
replacement program;

d. That the battery replacement program requires
Plaintiff and the class to be without their iPhone for
approximately three days, and results in complete loss
of all stored data;

e. That Defendants will charge Plaintiff and the class
$29.00 for use of an iPhone while their phone is being
serviced under the battery replacement program.

f. That annually, Plaintiff and the class will incur
costs of approximately 20% of the purchase price of
the iPhone simply for maintenance, repair, and/or
replacement of the iPhone battery.

33.      Defendants intended that its fraudulent statements,
omissions, and/or concealments induce Plaintiff and
the class to act so that Plaintiff and the class would
purchase Defendants' iPhone.

34.      Defendants intended that their fraudulent statements,
omissions, and/or concealments induce Plaintiff and

11

the class to act so that Plaintiff and the class would then be forced to pay to Defendants approximately $85.95 for the battery replacement program, and $29.00 for use of a loaner iPhone, annually.

35.    Defendants require Plaintiff and the class to sign a two-year service contract, all but ensuring that Plaintiff and the class will be forced to pay for the iPhone battery replacement program at least once during the initial two year contract.

36.    Plaintiff and the class relied upon the truth of Defendants' statements, believing all costs associated with the iPhone to have been fully disclosed prior to purchase of same.

37.    Defendants' aforementioned conduct is unfair, immoral, unethical, oppressive, and unscrupulous, in that Defendants concealed from Plaintiff and the class members those allegations in ¶¶30(a-f) and 32(a-f) above, as alleged herein.

38.    As a proximate result of Defendants' fraudulent statements, concealments, misrepresentations and/or omissions Plaintiff and the class have and will suffer damages, because absent Defendants' fraud, the Plaintiff and the class would have never purchased the iPhone from Defendants or transacted business with Defendants.

### COUNT III: BREACH OF CONTRACT

12

1-29      Plaintiff incorporates the allegations of ¶1-¶29 above

          of this Complaint as if fully stated herein in this Count

          III.

   30.    Defendants made an offer to sell to Plaintiff and the

          class a functional and complete iPhone with a battery

          in exchange for its relative purchase price, which

          varies by model, store, etc.

   31.    Plaintiff and the class accepted Defendants' offer by

          going to Defendants' stores and purchasing the iPhone.

   32.    Defendants breached their offer to sell to Plaintiff

          and the class a functional and complete iPhone with a

          battery when Defendants failed to disclose to

          Plaintiff and the class prior to their purchase that:

          a. That the iPhone battery is enclosed and soldered

             inside the iPhone, and cannot be changed by the owner

             but instead must be returned to Apple for service

             and/or repair;

          b. That the iPhone battery has a durability and/or

             lifetime of approximately 300 charges, necessitating

             frequent and more than annual maintenance, repair,

             and/or replacement if charged regularly on a daily

             basis;

          c. That replacement, repair, and/or maintenance of the

             iPhone battery will cost Plaintiff and the class

             approximately $85.95 under the Defendants' battery

             replacement program;

                                                              13

d. That the battery replacement program requires Plaintiff and the class to be without their iPhone for approximately three days, and results in complete loss of all stored data;

e. That Defendants will charge Plaintiff and the class $29.00 for use of an iPhone while their phone is being serviced under the battery replacement program.

f. That annually, Plaintiff and the class will incur costs of approximately 20% of the purchase price of the iPhone simply for maintenance, repair, and/or replacement of the iPhone battery.

g. Defendants require that Plaintiff and the class sign a two-year service contract, all but ensuring that Plaintiff and the class will be forced to pay for the iPhone battery replacement program at least once during the initial two year contract.

33.    Plaintiff and the class have and will suffer damages as a proximate result of Defendants' breach of contract.

### COUNT IV: BREACH OF IMPLIED WARRANTIES

1-29    Plaintiff incorporates the allegations of ¶1-¶29 above of this Complaint as if fully stated herein in this Count IV.

30.    Defendants have committed a breach of implied warranty of merchantability pursuant to 810 ILCS 5/2-314 and/or

14

implied warranty of fitness for a particular purpose
pursuant to 810 ILCS 5/2-315.

31.     Defendants' iPhone is a consumer good and Defendants
are merchants within the meaning of 810 ILCS 5/2-314.

32.     Defendants' iPhone has been sold with the implied
warranty that they are fit for ordinary use and/or
particular purposes for which cellular phones are
used, and that all costs associated with the use of
same are disclosed in advance of the purchase.

33.     Defendants' affirmations of fact as alleged herein
formed the basis of the bargain between the parties.

34.     Defendants' iPhone is not reasonably fit for its
ordinary use and/or particular purpose in that when
Plaintiff and the class purchased their iPhones they
never contemplated the following:

a. That the iPhone battery is enclosed and soldered
inside the iPhone, and cannot be changed by the owner
but instead must be returned to Apple for service
and/or repair;

b. That the iPhone battery has a durability and/or
lifetime of approximately 300 charges, necessitating
frequent and more than annual maintenance, repair,
and/or replacement if charged regularly on a daily
basis;

c. That replacement, repair, and/or maintenance of the
iPhone battery will cost Plaintiff and the class

approximately $85.95 under the Defendants' battery
replacement program;

   d. That the battery replacement program requires
Plaintiff and the class to be without their iPhone for
approximately three days, and results in complete loss
of all stored data;

   e. That Defendants will charge Plaintiff and the class
$29.00 for use of an iPhone while their phone is
being serviced under the battery replacement program.

   f. That annually, Plaintiff and the class will incur
costs of approximately 20% of the purchase price of
the iPhone simply for maintenance, repair, and/or
replacement of the iPhone battery.

35.     A consumer advocacy group, the Foundation for Consumer
and Taxpayer Rights, said of consumers who purchased
the iPhone from Defendants that "[s]ome of them might
be waking up now wondering who they got in bed with",
calling the "hidden disclosure that's going to cost
the user as much as 20 percent of the purchase price
[annually]…a colossal mistake."

36.     Defendants require that Plaintiff and the class sign a
two-year service contract, all but ensuring that
Plaintiff and the class will be forced to pay for the
iPhone battery replacement program at least once
during the initial two year contract.

16

37.    As a proximate result of Defendants' breach of implied warranty, Plaintiff and the class have and will suffer damages.

### COUNT V: UNJUST ENRICHMENT

1-29    Plaintiff incorporates the allegations of ¶1-¶29 above of this Complaint as if fully stated herein in this Count V.

30.    This Count V for unjust enrichment is plead in the alternative to Plaintiff's and the class' claim for breach of contract.

31.    Defendants, to the detriment of the Plaintiff and the Class, have benefited and been unjustly enriched by their conduct where they have sold and continue to sell their iPhone while misrepresenting, omitting, and/or concealing from Plaintiff and the class prior to purchase:

a. That the iPhone battery is enclosed and soldered inside the iPhone, and cannot be changed by the owner but instead must be returned to Apple for service and/or repair;

b. That the iPhone battery has a durability and/or lifetime of approximately 300 charges, necessitating frequent and more than annual maintenance, repair, and/or replacement if charged regularly on a daily basis;

17

c. That replacement, repair, and/or maintenance of the
   iPhone battery will cost Plaintiff and the class
   approximately $85.95 under the Defendants' battery
   replacement program;

d. That the battery replacement program requires
   Plaintiff and the class to be without their iPhone for
   approximately three days, and results in complete loss
   of all stored data;

e. That Defendants will charge Plaintiff and the class
   $29.00 for use of an iPhone while their phone is being
   serviced under the battery replacement program.

f. That annually, Plaintiff and the class will incur
   costs of approximately 20% of the purchase price of
   the iPhone simply for maintenance, repair, and/or
   replacement of the iPhone battery.

g. That it is all but guaranteed that Plaintiff and the
   class will be forced to pay for the iPhone battery
   replacement program at least once during the initial
   two year contract where Defendants require that
   Plaintiff and the class sign a two-year service
   contract, and the battery is not manufactured to last
   that long with regular and reasonable use.

32. Defendants had and have knowledge of these benefits,
    and have voluntarily accepted and retained these
    benefits by intentionally and fraudulently concealing,
    omitting, and/or misrepresenting the true capabilities

and service fees associated with the iPhone battery
prior to purchase by Plaintiff and the class.

33. The circumstances described herein are such that it
would be inequitable, unconscionable, unfair,
unlawful, and unjust for Defendants to retain these
ill-gotten benefits without paying the value thereof
to the Plaintiff and the class.

34. As a result of Defendants' unjust enrichment,
Plaintiff and the class have and will suffer damages.

### COUNT VI: ACCOUNTING

1-29  Plaintiff incorporates the allegations of ¶1-¶29 above
of this Complaint as if fully stated herein in this
Count V.

30. Pursuant to the above-described conduct and causes of
action, the circumstances or relationship between the
parties gives rise to a duty on the part of Defendants to
account to Plaintiffs.

31. No other adequate remedy at law exists.

32. The exact amount of income, revenue, and interest
generated and retained by Defendants from Plaintiff's and
the class' purchase of the iPhone, and the income,
revenue, and interest that has and will be generated by
Defendants from Plaintiff's and the class' payment of
fees under the Defendants' iPhone battery replacement
program cannot be presently known because all books of

19

account and records pertaining to same are in the possession of Defendants.

33. Accordingly, an accounting would permit Plaintiffs, the class, and the Court to ascertain the amounts due to Plaintiffs and the class.

34. An accounting should be conducted in equity under the supervision of this Court because it would involve intricate itemizations of income, prospective income, revenue and interest, prospective revenue and interest, and there is a need for discovery.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Certify the class and appoint Plaintiff and Plaintiff's counsel to represent the Class;

B. Find that Defendants committed a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, fraudulent concealment, breach of contract, breach of implied warranty, and were unjustly enriched;

C. Find that Defendants should account for all revenues improperly earned, as alleged herein;

D. Find that Defendants pay actual, compensatory, and punitive damages for their conduct as alleged herein;

E. Award reasonable attorneys' fees and costs; and

F. Grant such other relief as this Court deems appropriate.

JOSE TRUJILLO, individually and
on behalf of all others similarly
situated,

By: _____

LARRY D. DRURY
JAMES ROWE
LARRY D. DRURY, LTD.
205 WEST RANDOLPH, #1430
CHICAGO, IL 60603
312/346-7950
Atty. No. 22873

TYPE CHANCERY        SHERIFF'S OFFICE OF COOK COUNTY, ILLINOIS        DISTRICT 010

STROH 3696-

SHERIFF'S NUMBER 002605-001L CASE NUMBER 07CH19744    DEPUTY: _____

FILED DT 07-26-2007 RECEIVED DT 07-26-2007 DIE DT 08-16-2007 MULTIPLE SERVICE   1

| DEFENDANT | ATTORNEY |
|---|---|
| AT&T INC | LARRY D DRURY |
| 208 S LA SALLE ST | 205 W RANDOLPH ST # 1430 |
| CHICAGO IL. 60604 | CHICAGO IL. 60606 |
| STE 814 | 312 346-7950 |
| PLAINTIFF JOSE TRUJILLO | |

SERVICE INFORMATION: GHL SERVE CT CORPORATION SYSTEM

**********************************************************************************
(A)   I CERTIFY THAT I SERVED THIS SUMMONS ON THE DEFENDANT AS FOLLOWS:

.....1 PERSONAL SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE
        NAMED DEFENDANT PERSONALLY.
.....2 SUBSTITUTE SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND A COPY OF THE COMPLAINT
        AT THE DEFENDANT'S USUAL PLACE  OF ABODE WITH SOME PERSON OF THE FAMILY OR A PERSON
        RESIDING THERE, OF THE AGE OF 13 YEARS OR UPWARDS, AND INFORMING THAT PERSON OF
        THE CONTENTS THEREOF. ALSO, A COPY OF THE SUMMONS WAS MAILED ON THE
        _____ DAY OF _____ 20___, IN A SEALED ENVELOPE WITH POSTAGE FULLY
        PREPAID, ADDRESSED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE.
        SAID PARTY REFUSED NAME
.....3 SERVICE ON:  CORPORATION____ COMPANY____ BUSINESS____ PARTNERSHIP____
        BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT (OR INTERROGATORIES) WITH THE
        REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER  OF THE DEFENDANT.
.....4 CERTIFIED MAIL_____

(B)   THOMAS J. DART, SHERIFF, BY: _____, DEPUTY  3696-

    1 SEX___ M/F   RACE____   AGE____
    2 NAME OF DEFENDANT AT&T INC
        _WRIT SERVED ON _____ Not Served

        THIS 2 DAY OF AUG, 2007 TIME 11:30 A.M./P.M.

    ADDITIONAL REMARKS _____ Not C.T.

**********************************************************************************

THE NAMED DEFENDANT WAS NOT SERVED.

TYPE OF BLDG _____ OFFICE                ATTEMPTED SERVICES

NEIGHBORS NAME _____ D. Schultz       DATE       TIME A.M./P.M.

        ADDRESS _____       _____ ___:___ ___

| REASON NOT SERVED: | | _____ | ___:___ ___ |
|---|---|---|---|
| | 07 EMPLOYER REFUSAL | _____ | ___:___ ___ |
| 01 MOVED | 08 RETURNED BY ATTY | _____ | ___:___ ___ |
| 02 NO CONTACT | 09 DECEASED | _____ | ___:___ ___ |
| 03 EMPTY LOT | 10 BLDG DEMOLISHED | _____ | ___:___ ___ |
| 04 NOT LISTED | X11 NO REGISTERED AGT. | _____ | ___:___ ___ |
| 05 WRONG ADDRESS | 12 OTHER REASONS | _____ | ___:___ ___ |
| 06 NO SUCH ADDRESS | 13 OUT OF COUNTY | _____ | ___:___ ___ |

FEE    .00   MILEAGE    .00   TOTAL    .00                SG19

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

JOSE TRUJILLO, individually and on behalf of all )
others similarly situated,                       )
                                                 )
                            Plaintiff,            )        07CH 19744
                                                 )
                                                 )        No.
        vs.                                      )
                                                 )
APPLE COMPUTER, INC., a California               )
corporation and AT&T, Inc., a Texas              )
corporation,                                     )
                                                 )
                            Defendants.           )

## NOTICE OF FILING

TO:    AT&T, Inc.                         Apple Computer, Inc.
       c/o C T Corporation System         c/o C T Corporation System
       208 S. LaSalle St., Suite 814      208 S. LaSalle St., Suite 814
       Chicago, IL 60604                   Chicago, IL 60604

       PLEASE TAKE NOTICE that on this 26th day of July, 2007, the undersigned filed with
the Clerk of the Circuit Court of Cook County, Illinois, the attached Plaintiff's Motion for Class
Certification and Motion for Preservation of Documents, a copy of which is hereby served upon
you.

                                    _Larry D. Drury_


Larry D. Drury
LARRY D. DRURY LTD.
205 W. Randolph Street, Suite 1430
Chicago, IL 60610
(312) 346-7950
Atty. No. 22873

## CERTIFICATE OF SERVICE

The undersigned hereby certifies, under oath, that the above notice and documents were served upon all parties of record herein on July 26, 2007, by the following:

| | |
|---|---|
| _____ | personal delivery |
| _____ | U.S. mail, overnight express |
| ___x___ | U.S. regular first class mail |
| _____ | U.S. certified mail, return receipt requested |
| _____ | by Federal Express |
| _____ | by facsimile transmission |

(Print Name)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

JOSE TRUJILLO, individually and on behalf of all  )
others similarly situated,  )
  )
                Plaintiff,  )
  )    No.  **07CH 19744**
  )
    vs.  )
  )
APPLE COMPUTER, INC., a California  )
corporation and AT&T, Inc., a Texas  )
corporation,  )
  )
            Defendants.  )

## MOTION FOR CLASS CERTIFICATION

NOW COMES the Plaintiff, JOSE TRUJILLO, on behalf of himself and all others

similarly situated, by and through his attorneys, LARRY D. DRURY, LTD., and respectfully

moves that this Court enter an order certifying and determining that this action may properly be

maintained as a class action.

In support of this motion, the Plaintiff states that the Class on behalf of which this action

is sought to be maintained may be defined as follows:

Definition of the Plaintiff Class

Any and all consumers from 2007 through the date of judgment, throughout the United States
who purchased Defendants' iPhone.

    1.    Common questions of law or fact include, in part:

    (A)    Whether Defendants committed a breach of the Illinois Consumer Fraud and

           Deceptive Business Practices Act and all like and similar statutes throughout the

United States;

(B)    Whether Defendants purposefully omitted, misrepresented and/or fraudulently concealed the durability of the iPhone battery, the terms and conditions of its battery replacement program and "loaner" program, and the cost of same, prior to the purchase by Plaintiff and the class.

(C)    Whether the Defendants were unjustly enriched, to the detriment of Plaintiff and the class.

(D)    Whether Defendants breached their contracts to Plaintiff and the Class by and/or breach of warranty to Plaintiff and the class by misrepresenting and/or fraudulently concealing the durability of the iPhone battery, the terms and conditions of its battery replacement program and "loaner" program and the cost of same, prior to the purchase of the iPhone by the Plaintiff and the class.

2.    The claims and acts of the representative parties are typical of the claims of the class. The representative Plaintiff purchased his iPhone from an Apple retail store on June 29, 2007.

3.    Plaintiff further states that the questions of law or fact with respect to the Defendants misrepresenting and/or fraudulently concealing the durability of the iPhone battery, the terms and conditions of its battery replacement program and "loaner" program and the cost of same, prior to the purchase of the iPhone by the Plaintiff and the class, are common to the members of the Plaintiff class and predominate over any questions of individual members.

4.    Class adjudication is superior to all other available methods for adjudication of this controversy, i.e., there are thousands of putative class members who purchased an iPhone,

and separate suits to litigate the legality of Defendants' acts and conduct would not be in the best interest of judicial economy and efficiency.

WHEREFORE, Plaintiff, JOSE TRUJILLO, individually and on behalf of all others similarly situated, hereby respectfully request that this Court enter an order certifying and determining that this action may properly be maintained as a class action, appointing Plaintiff class representative, and appointing Larry D. Drury of Larry D. Drury, Ltd., as class counsel.

Respectfully submitted,

JOSE TRUJILLO, on behalf of himself and all others similarly situated,

By: _____

LARRY D. DRURY
JAMES R. ROWE
LARRY D. DRURY, LTD.
205 West Randolph, Suite 1430
Chicago, IL 60606
(312) 346-7950
Atty. No. 22873

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

JOSE TRUJILLO, individually and on behalf of all )
others similarly situated,                        )
                                                  )
                    Plaintiff,                    )
                                                  )       No.   07CH 19744
        vs.                                       )
                                                  )
APPLE COMPUTER, INC., a California                )
corporation and AT&T, Inc., a Texas              )
corporation,                                      )
                                                  )
                    Defendants.                   )

MOTION FOR PRESERVATION OF DOCUMENTS

NOW COMES the Plaintiff, JOSE TRUJILLO, on behalf of himself and all other

similarly situated, by and through his attorneys, LARRY D. DRURY, LTD., and moves this

Honorable Court as follows:

    1.      On July 26, 2007, Plaintiffs filed their cause of action seeking various relief and

for the certification of a class of those similarly situated, defined as follows:

Definition of the Plaintiff Class

Any and all consumers from 2007 through the date of judgment, throughout the United States
who purchased Defendants' iPhone.

    2.      Defendants were aware of its conduct at all times relevant herein.

    3.      Defendants' conduct in this matter raises serious issues in that this case concerns

the following:

    (A)     Whether Defendants committed a breach of the Illinois Consumer Fraud and

            Deceptive Business Practices Act and all like and similar statutes throughout the

United States;

(B)    Whether Defendants purposefully omitted, misrepresented and/or fraudulently concealed the durability of the iPhone battery, the terms and conditions of its battery replacement program and "loaner" program, and the cost of same, prior to the purchase by Plaintiff and the class.

(C)    Whether the Defendants were unjustly enriched, to the detriment of Plaintiff and the class.

(D)    Whether Defendants breached their contracts to Plaintiff and the Class by and/or breach of warranty to Plaintiff and the class by misrepresenting and/or fraudulently concealing the durability of the iPhone battery, the terms and conditions of its battery replacement program and "loaner" program and the cost of same, prior to the purchase of the iPhone by the Plaintiff and the class.

4.    Defendants' conduct and their blatant refusal to recognize their culpability and compensate those who have been damaged, raises serious questions regarding future conduct they may take in this matter.

5.    The proper resolution of this litigation, and the rights of the parties, will depend greatly upon the documentation of Defendants with respect to the purchase and durability of the iPhone battery, the terms and conditions of its battery replacement program and "loaner" program and the cost of same prior to the purchase of the iPhone by the Plaintiff and the class, as alleged in the Class Action Complaint.

6.    It would work no great hardship on Defendants to maintain all of the documents relating or relevant to the subject matter of this litigation, which are already in their actual or

2

constructive care, custody or control, and the retention of same would further the interests of justice for all parties concerned.

7.      Many corporations and municipalities have a set period of time during which they will retain documents. Even for those corporations and municipalities that do not presently have such a policy, such a policy could be adopted at any time. An order for the preservation of documents would prevent destruction of relevant documents later justified by existing corporate policy.

WHEREFORE, Plaintiff, JOSE TRUJILLO, on behalf of himself and all others similarly situated, moves this Honorable Court to enter an order of preservation of documents in the form attached hereto as Exhibit A or in such other form as this Court deems appropriate.

Respectfully submitted,

JOSE TRUJILLO, on behalf of himself and all others similarly situated,

By:_____

LARRY D. DRURY
JAMES R. ROWE
LARRY D. DRURY, LTD.
205 West Randolph, Suite 1430
Chicago, IL 60606
(312) 346-7950
Atty. No. 22873

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

JOSE TRUJILLO, individually and on behalf of all ) <br>
others similarly situated, )

                 Plaintiff, )      No.

    vs. )

APPLE COMPUTER, INC., a California )<br>
corporation and AT&T, Inc., a Texas )<br>
corporation, )

           Defendants. )

## ORDER

THIS CAUSE COMING ON TO BE HEARD on the Motion for Preservation of

Documents and the Court being duly advised in the premises;

IT IS HEREBY ORDERED:

1.     During the pendency of this litigation or until further order of this Court,

Defendants, APPLE COMPUTER, INC., and AT&T, INC., their respective officers, agents,

servants, employees, attorneys and accountants shall not alter, destroy or otherwise dispose of

any "document" relating or relevant to all consumer purchases of Defendants' iPhone from 2007

to the date of judgment herein, throughout the United States, as alleged in the Class Action

Complaint, in the actual or constructive care, custody or control of each such party from the date

of entry of this Order forward, wherever such document is physically located.

                                      EXHIBIT A

2.     The term "document" and the scope of this Order shall have the meaning ascribed in Rule 201(b) of the Illinois Supreme Court Rules and shall, without limiting the generality of the foregoing, include the original and any non-identical copies thereof of any policy, claim, check, writing, drawing, map, blueprint, film, chart, photograph, audio and video tape recordings and transcripts thereof, and retrievable data, whether electromechanically or electromagnetically recorded and other data compilations from which information can be obtained relating or relevant to all purchases of Defendants' iPhone from 2007 to the date of judgment throughout the United States including, but not limited to notices, memoranda, diaries, minutes, purchase records, purchase invoices, correspondence, claims, checks, policies, computer storage, tapes, computer storage cards or disks, books, journals, ledgers, statements, reports, invoices, bills, vouchers, worksheets, jottings, notes, letters, abstracts, audits, charts, checks, diagrams, drafts, recordings, instructions, lists, logs, orders, recitals, telegram messages, telephone bills and logs, resumes, summaries, compilations, computations and other formal and informal writings or tangible preservations of information.

3.     Defendants shall be responsible for providing notice of this Order to their respective officers, agents, servants, employees, attorneys and accountants, and shall be responsible for compliance with this Order by such persons.

4.     If counsel are unable to resolve disputes regarding the scope or implementation of this Order, any party may apply to the Court for clarification or relief from this Order upon

reasonable notice. All documents which are the subject to such disputes shall be preserved

pending a ruling by the Court.

Dated:_____

                                   ENTER:

                                   _____

LARRY D. DRURY
JAMES R. ROWE
LARRY D. DRURY, LTD.
205 West Randolph
Suite 1430
Chicago, IL 60606
(312) 346-7950
Atty. No. 22873

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
08/01/2007
Log Number 512454864

| | |
|---|---|
| **TO:** | Elise Bigelow<br>Apple Inc.<br>One Infinite Loop, MS 81-2SU<br>Cupertino, CA, 95014- |
| **RE:** | **Process Served in Illinois** |
| **FOR:** | Apple Computer, Inc. (Former Name) (Domestic State: CA)<br>Apple Inc. (True Name) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jose Trujillo, individually and on behalf of all other similarly situated, Pltf. vs. Apple Computer, Inc., etc. and AT&T, Inc., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Notice(s), Motion(s), Proposed Order(s), Certificate of Service |
| **COURT/AGENCY:** | Cook County Circuit Court, County Department, Chancery Division, IL<br>Case # 07CH19744 |
| **NATURE OF ACTION:** | Entry of an Order certifying and determining that this action may properly be maintained as a class action |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 08/01/2007 postmarked on 07/26/2007 |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Larry D. Drury<br>205 W. Randolph Street<br>Suite 1430<br>Chicago, IL, 60610<br>312-346-7950 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Priority Overnight, 791356431370<br>Image SOP - Page(s): 12<br>SOP Papers with Transmittal, via Fax, Elise Bigelow 408-974-9316<br>Documents faxed at 12:30<br>Email Notification, Elise Bigelow EBIGELOW@APPLE.COM<br>Email Notification, Adeline Yu ayu@apple.com<br>Email Notification, Jeff Risher jrisher@apple.com<br>Email Notification, Diane Warkentin dwarkentin@apple.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Tawana Carter<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL, 60604<br>312-345-4336 |

Page 1 of  1 / FR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
08/02/2007
Log Number 512460616

| | |
|---|---|
| **TO:** | Elise Bigelow<br>Apple Inc.<br>One Infinite Loop, MS 81-2SU<br>Cupertino, CA, 95014- |
| **RE:** | **Process Served in Illinois** |
| **FOR:** | Apple Computer, Inc. (Former Name) (Domestic State: CA)<br>Apple Inc. (True Name) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jose Trujillo, Pltf. vs. Apple Computer, Inc., etc., and AT&T, Inc., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Cook County Circuit Court, County Department, Chancery Division, IL<br>Case # 07CH19744 |
| **NATURE OF ACTION:** | Violation of Illinois Consumer Fraud and Deceptive Busniess Practices Act - Breach of Warranty on a two year contract |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/02/2007 at 11:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Larry D. Drury, Ltd.<br>205 W. Randolph<br>Suite<br>Chicago, IL, 60606<br>312-346-7950 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Priority Overnight, 790797900699<br>Image SOP - Page(s): 24<br>SOP Papers with Transmittal, via Fax, Elise Bigelow 408-974-9316<br>Email Notification, Elise Bigelow EBIGELOW@APPLE.COM<br>Email Notification, Adeline Yu ayu@apple.com<br>Email Notification, Jeff Risher jrisher@apple.com<br>Email Notification, Diane Warkentin dwarkentin@apple.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Tawana Carter<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL, 60604<br>312-345-4336 |

Page 1 of  1 / PJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

```
DATE/TIME              07/26/07 13:23:04
CASE NUMBER            07CH19744
PLAINTIFF NAME         TRUJILLO
DEFENDANT NAME         APPLE COMPUTER         JOSE
CATEGORY TYPE          CLASS ACTION
ASSIGNED CALENDAR      14
ASSIGNED JUDGE CODE    0162
ASSIGNED JUDGE NAME    HALL, SOPHIA H.
ASSIGNED ROOM          2301
LOCATION               RICHARD J DALEY CENTER
ATTORNEY CODE          22873
CASE MGMT DATE         12/12/07   9:30
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – CHANCERY DIVISION

| | |
|---|---|
| JOSE TRUJILLO, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>   v.<br><br>APPLE COMPUTER, INC., a California Corporation, and AT&T, INC., a Texas Corporation,<br><br>           Defendants. | No.  07 CH 19744 |

## NOTICE TO PLAINTIFF AND STATE COURT OF REMOVAL TO FEDERAL COURT

TO PLAINTIFF JOSE TRUJILLO AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the United States District Court for the Northern District of Illinois, Eastern Division, on August 31, 2007.

A copy of said Notice of Removal is attached to this Notice as Exhibit A, and is served and filed herewith.

Dated:  August 31, 2007

Respectfully submitted,

APPLE INC.

By:_____
        One of its Attorneys

Patrick T. Stanton
Edward S. Weil
Schwartz Cooper Chartered
180 North LaSalle Street, Suite 2700
Chicago, Illinois 60601
(312) 346-1300
Firm ID No.:  31395
*And*
Penelope A. Preovolos
Andrew D. Muhlbach
Johanna W. Roberts
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone:  (415) 268-7000
Fax:  (415) 268-7522

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JOSE TRUJILLO, individually and on behalf of all
others similarly situated,

            Plaintiff,

       v.

APPLE COMPUTER, INC., a California
corporation and AT&T, Inc., a Texas corporation,

            Defendants.

CASE NO.:

## DEFENDANT APPLE INC.'S NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, defendant Apple Inc., formerly known as Apple Computer, Inc. ("Apple") hereby removes to this Court the state action described below, which is within the original jurisdiction of this Court and properly removed under 28 U.S.C. §§ 1332, 1446, and 1453.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff Jose Trujillo and filed with the Clerk of the Circuit Court of Cook County, Illinois as an exhibit to a Notice to State Court of Removal to Federal Court. A copy of the Notice being filed in state court is attached hereto (without exhibits) as Exhibit A.

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.    On July 26, 2007, Plaintiff Jose Trujillo filed a purported class action against Apple and Defendant AT&T, Inc. ("AT&T") in the Chancery Division of the County

**EXHIBIT A**

Department of the Circuit Court of Cook County entitled *Trujillo v. Apple Computer, Inc.*, No. 07-CH-19744.

2.     Apple was served with the Summons and Complaint on August 2, 2007. This notice is therefore timely pursuant to 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Apple in the action are attached to this Notice as Exhibit B.

3.     The Circuit Court of Cook County, Illinois is located with the Eastern Division of the Northern District of Illinois. 28 U.S.C. § 84(c)(2). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

## ALLEGATIONS OF THE COMPLAINT

4.     This action is a putative class action against Apple and AT&T on behalf of purchasers nationwide of the recently-released iPhone for alleged "purposeful and fraudulent concealment to purchasers of its iPhone cellular telephone that they will be required to incur an annual fee of $85.95 as part of Defendants' battery replacement program." (Compl. at p. 1.) According to Plaintiff, Apple failed to disclose "to Plaintiff and to the public, prior to purchase, [that] the iPhone is a sealed unit with it's [sic] battery soldered on the inside of the device so that it cannot be changed by the owner" and that "[t]he battery . . . can only be charged approximately 300 times before it will be in need of replacement, necessitating a new battery annually for owners of the iPhone." (Compl. ¶ 13.) The Complaint asserts that Apple charges $85.95 to replace the battery and $29.00 for "a loaner iPhone" during the replacement. (Compl. ¶ 14-15.) According to Plaintiff, Apple "failed to inform the Plaintiff and the class of the durability of the iPhone battery, the terms and conditions of it's [sic] battery replacement program and 'loaner' program, and the cost of same." (Compl. ¶¶ 17-19.) Therefore, Plaintiff alleges that "[he] and the class will incur costs of approximately 20% of the purchase price of the

iPhone simply for maintenance, repair, and/or replacement of the iPhone battery." (Compl. ¶ 30(f).) Plaintiff further alleges that "Defendants require that Plaintiff and the class sign a two-year service contract, all but ensuring that Plaintiff and the class will be forced to pay for the iPhone battery replacement program at least once during the initial two year contract." (Compl. ¶ 32.)

5.    Plaintiff seeks to represent a putative class comprised of "all consumers, from 2007 to the date of judgment, throughout the United States, who purchased Defendants' iPhone." (Compl. ¶ 25.)

6.    On behalf of Plaintiff and the putative class, the Complaint attempts to state claims for: (1) Fraudulent Concealment; (2) Violation of Illinois Consumer Fraud and Deceptive Business Practices Act; (3) Breach of Contract; (4) Breach of Implied Warranties; (V) Unjust Enrichment; and (VI) Accounting. The Complaint seeks, *inter alia*, compensatory damages, punitive damages, declaratory relief, restitution, attorney's fees, and costs. (Compl. at p. 20.)

7.    Apple disputes Plaintiff's allegations, believes the Complaint lacks merit, and denies that Plaintiff or the putative class have been harmed in any way.

### BASIS FOR REMOVAL

8.    This action is within the original jurisdiction of this Court, and removal is therefore proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over class actions such as this one, in which the matter in controversy exceeds $5,000,000 and any member of the class of plaintiffs is a citizen of a State different from any defendant. Additionally, 28 U.S.C. § 1453(b) permits removal of a class action from a state court to a district court without regard to whether any defendant is a citizen of the State in which the action is brought. Moreover, 28 U.S.C. § 1453(b) provides that a class action may be removed by any defendant without the consent of all defendants. As set

forth below, this action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA. *See Knudsen v. Liberty Mutual Ins. Co.*, 435 F.3d 755 (7th Cir. 2006); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005) (requiring removal of consumer class actions which satisfy CAFA requirements).

    9.    <u>Covered Class Action</u>.  This action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b).  Plaintiff purports to bring this action as a class action, pursuant to 735 Illinois Compiled Statutes section 5/2-801 on behalf of "all consumers, from 2007 to the date of judgment, throughout the United States, who purchased Defendants' iPhone." (Compl. ¶ 25.)  Plaintiff alleges that the nationwide class "numbers in at least the hundreds of thousands, if not millions. . . ." (Compl. ¶ 26.)

    10.    <u>Diversity</u>.  The required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  Plaintiff Jose Trujillo is a citizen of the State of Illinois. (Compl. ¶ 4.) Plaintiff purports to represent a nationwide class of all iPhone purchasers. (Compl. ¶ 25.) Plaintiff's Complaint is brought against Apple "a California corporation . . . whose headquarters are located in Cupertino, California . . ." and AT&T "a Texas corporation . . . whose headquarters are located in San Antonio, Texas . . . ." (Compl. ¶¶ 2-3.)  As of the time of removal, the citizenship of Apple has not changed. Accordingly, a member of the purported class in this case — Plaintiff Trujillo — is a citizen of a state (Illinois) different from a defendant (California and Texas), thus satisfying the diversity requirements of 28 U.S.C. § 1332(d)(2)(A). Further, because the putative class includes members from every state, and because CAFA confers federal jurisdiction where any member of a class of plaintiffs is a citizen of a state

different from any defendant, this putative nationwide class action satisfies the diversity requirements of 28 U.S.C. § 1332(d)(2)(A).

11.    Matter in Controversy. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). Without conceding any merit to the Complaint's allegations or causes of action, the matter in controversy in this action satisfies this jurisdictional threshold. As the Seventh Circuit has explained, for purposes of removal "[t]he question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties." Brill, 427 F.3d at 448 ("That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").

12.    Matter in Controversy – Alleged Damages. Plaintiff alleges a number of different damages measures, all of which plainly exceed $5 million. For example, Plaintiff alleges that Defendants failed to disclose to him and to the putative class that they will have to get a new battery for the iPhone annually, at a cost of $85.95 for each battery replacement plus an additional $29.00 for the use of a "loaner iPhone" while the purchaser's iPhone is under repair. (Compl. ¶¶ 13-15.) Plaintiff also alleges that "[t]he battery replacement program will cost iPhone consumers nearly 20% of their purchase price of their phone annually." (Compl. ¶ 22.). Plaintiff alleges that he paid $533.93 for his iPhone. (Compl. ¶ 8.) Thus, these allegations claim actual damages of no less than $85.95 for each iPhone purchaser. The Complaint alleges that the "class numbers in at least the hundreds of thousands, if not millions." (Compl. ¶ 26.) The Complaint estimates that "Apple sold over 500,000 iPhone's [sic] within the first week following it's [sic] launch on June 29, 2007". (Compl. ¶ 9.) Assuming damages and class size at the low

end of the range in Plaintiff's allegations (i.e. a damages measure of $85.95 per iPhone and sales of just 200,000 iPhones), Plaintiff is claiming damages of over $17 million. While Apple disputes that that it is liable to Plaintiff or the putative class, or that Plaintiff or the putative class suffered injury or incurred damages in any amount whatsoever, the Complaint demonstrates on its face that, for purposes of compliance with CAFA, the matter in controversy exceeds $5,000,000. *See Brill,* 427 F.3d at 447.

13.    <u>Matter in Controversy — Punitive Damages</u>. The Complaint also seeks punitive damages. (Compl. at p. 20.) Punitive damages also are considered part of the amount in controversy. *See Oshana v. Coca-Cola Co.,* 472 F.3d 506, 512-13 (7th Cir. 2006) (including punitive damages in analyzing amount in controversy). Apple believes that no damages, compensatory or punitive, should or will be awarded in this case; however, for purposes of this amount in controversy requirement, claimed punitive damages may be considered.

14.    <u>Matter in Controversy – Attorneys' Fees</u>. Plaintiff also seeks an award of attorneys' fees. (Compl. at 20.) This amount also should be included in the amount in controversy calculation. Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 202 (1933).

15.    <u>No CAFA Exclusions</u>. The action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d). As neither of the defendants are citizens of the State of Illinois, the state in which the action was filed, the exclusions to removal jurisdiction set forth in 28 U.S.C. § 1332(d)(3)-(4) cannot apply, and because no other exclusion applies, this action is removable pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453(b).

## CONCLUSION

16.    For all of the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(d). Accordingly, this action is removable pursuant to 28 U.S.C. § 1441(a) and § 1453.

WHEREFORE, Defendant Apple Inc. gives notice that the above-described action pending against it in the Circuit Court of Cook County, Illinois, is removed to this Court.

Dated: August 31, 2007

Respectfully submitted,

APPLE INC.

By: _Patrick T. Stanton_____
        One of its Attorneys

Patrick T. Stanton (#6216899)
Edward S. Weil (#6194191)
Schwartz Cooper Chartered
180 North LaSalle Street, Suite 2700
Chicago, Illinois 60601
(312) 346-1300
*and*
Penelope A. Preovolos
Andrew D. Muhlbach
Johanna W. Roberts
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Fax: (415) 268-7522