**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSE TRUJILLO, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No.  07 CV 04946  Judge Kennelly  Mag. Judge Ashman |
| v. | ) ) | |
| APPLE COMPUTER, INC., a California Corporation, and AT&T MOBILITY LLC, a Georgia Corporation, | ) ) ) ) | |
| Defendants. | ) | |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff, JOSE TRUJILLO ("Plaintiff" or "Trujillo"), for his Class Action Complaint on behalf of himself and all others similarly situated, by and through his attorneys, LARRY D. DRURY, LTD., upon personal knowledge as to facts pertaining to himself and upon information and belief as to all other matters, based on the investigation of his counsel, against Defendants APPLE COMPUTER, INC. ("Apple"), and AT&T MOBILITY, LLC ("AT&T") (collectively hereinafter "Defendants") states as follows:

**INTRODUCTION**

This case arises out of Defendants' purposeful and fraudulent concealment to purchasers of its iPhone cellular telephone that they will be required to incur an annual fee of $85.95 as part of Defendants' battery replacement program.

**PARTIES**

1.    Plaintiff, Trujillo, at all times relevant hereto resided in village of Melrose Park, county of Cook, Illinois.

Dockets.Justia.com

2.     At all times relevant hereto, Defendant, Apple, was a California corporation with facilities located throughout Illinois and the United States, whose headquarters are located in Cupertino, California and who is doing business in Cook County, Illinois.

3.     At all times relevant hereto, Defendant, AT&T Mobility, LLC, was a Georgia corporation with facilities located throughout Illinois and the United States, whose headquarters are located in Atlanta, Georgia and who is doing business in Cook County, Illinois.

### JURISDICTION & VENUE

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and/or §1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs, and is a class action in which some members of the class are citizens of states different than Defendants. *See* 28 U.S.C. §1332(d)(2)(A). in that the Defendant has transacted business and committed acts relating to the matters complained of herein in this state, and the Plaintiff and Defendants are citizens of separate states.

5.     Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the acts giving rise to Plaintiff's claims occurred in this District.

6.    This Court has supplemental jurisdiction over the state law claims herein under 28 U.S.C. §1367.

## **SUBSTANTIVE ALLEGATIONS**

7.    On or about June 29, 2007 Apple launched, to much fanfare, its iPhone, a hybrid cell phone, iPod media player, and wireless web-browsing device.

8.    Plaintiff purchased his iPhone from an Apple retail store located in OakBrook, Illinois, for $533.93.

9.    It is estimated that Apple sold over 500,000 iPhones within the first week following its launch.  These devices were sold in Apple and AT&T retail stores and online through Apple's website.

10.   AT&T is the iPhone's exclusive carrier, and along with Apple retails the iPhone in their retail stores.

11.   Apple marketed its iPhone as a "revolutionary new mobile phone" that incorporates "high technology".

12.   Unknown to the Plaintiff, and undisclosed to the public, prior to purchase, the iPhone is a sealed unit with its battery soldered on the inside of the device so that it cannot be changed by the owner.

13.   The battery enclosed in the iPhone can only be charged approximately 300 times before it will be in need of replacement, necessitating a new battery annually for owners of the iPhone.

14.   Apple maintains a "battery replacement program" for the iPhone which requires users to submit their phone to

Apple for service. For the battery replacement and/or service, Apple charges $79.00 plus $6.95 for shipping and handling, totaling $85.95 per service.

15. The battery replacement takes three days, and while the iPhone is under repair, Apple provides a 'loaner iPhone' for $29.00.

16. During the repair and/or service to the iPhone under the battery replacement program, all data is erased from the iPhone, including contact phone numbers, etc.

17. Although Apple and AT&T outlined its cellular service rates and many other features of the iPhone in advance of its launch, Apple and AT&T waited to disclose the durability of its battery, the terms and conditions of its battery replacement program and 'loaner' program, and the cost of same, until after the iPhone went on sale.

18. The iPhone packaging and its enclosed manuals and/or papers failed to inform the Plaintiff and the class of the durability of the iPhone battery, the terms and conditions of its battery replacement program and 'loaner' program, and the cost of same.

19. The Defendants' marketing and promotion of the iPhone failed to inform the Plaintiff and the class of the durability of its battery, the terms and conditions of its battery replacement program and 'loaner' program, and the cost of same.

20. On or about Thursday, July 5, 2007 Apple spokesperson,
    Jennifer Hakes, said Apple posted the battery replacement
    program details on its website after the iPhone went on
    sale.

21. The battery replacement program information on Apple's
    website was located under several layers of links on the
    support page of Apple's website.

22. The battery replacement program will cost iPhone
    consumers nearly 20% of the purchase price of their phone
    annually, amounting to a de facto annual maintenance
    and/or service charge.

23. The terms and costs of the battery replacement program,
    and the durability and life of the battery, were not
    disclosed to Plaintiff and the class prior to their
    purchase, and could not have been discovered by Plaintiff
    and the class where Apple and AT&T failed to disclose
    same in advance of the iPhone launch date.

24. The Plaintiff and the class were required to sign a
    minimum two-year service plan with AT&T at the time of
    purchase of the iPhone.

**CLASS ALLEGATIONS**

25. Pursuant to Rule 23 of the Federal Rules of Civil
    Procedure , Plaintiff brings this action on behalf of
    himself and a class of similarly situated individuals.
    The class consists of all consumers, from 2007 to the

date of judgment, throughout the United States, who
purchased Defendants' iPhone.

26.  Upon information and belief, the Plaintiff class numbers
in at least the hundreds of thousands, if not millions,
such that joinder of all members is impracticable.

27.  Common questions predominate over questions affecting
individual members of the class.  Common questions
include:

 i.    Whether Defendants committed a breach of
the Illinois Consumer Fraud and Deceptive
Business Practices Act, and all like and similar
statutes throughout the United States;

 ii.   Whether Defendants purposefully omitted,
misrepresented, and/or fraudulently concealed the
durability of the iPhone battery, the terms and
conditions of its battery replacement program and
"loaner" program, and the cost of same, prior to
purchase by Plaintiff and the class.

 iii.  Whether Defendants committed a breach of
contract and/or breach of warranty to Plaintiff
and the class.

 iv.   Whether Defendants were unjustly enriched
to the detriment of Plaintiff and the Class.

28.  Plaintiff will fairly and adequately protect the interest
of the class; Plaintiff has retained counsel competent
and experienced in class action litigation; and Plaintiff

has no interests antagonistic to those of the Plaintiff class members.

29. A class action is an appropriate method for fairly and efficiently adjudicating this controversy because, among other things, joinder of all members of the class is impracticable, and employing the class action device here, in lieu of entertaining individual suits on the same issue, would greatly serve judicial economy.

## COUNT I: FRAUDULENT CONCEALMENT

1-29 Plaintiff incorporates the allegations of ¶1-¶29 above of this Complaint as if fully stated herein in this Count I.

30. Defendants concealed the following material facts from Plaintiff and the class prior to their purchase of the iPhone:

a. That the iPhone battery is enclosed and soldered inside the iPhone, and cannot be changed by the owner but instead must be returned to Apple for service and/or repair;

b. That the iPhone battery has a durability and/or lifetime of approximately 300 charges, necessitating frequent and more than annual maintenance, repair, and/or replacement if charged regularly on a daily basis;

c. That replacement, repair, and/or maintenance of the iPhone battery will cost Plaintiff and the class

approximately $85.95 under the Defendants' battery replacement program;

d.  That the battery replacement program requires Plaintiff and the class to be without their iPhone for approximately three days, and results in complete loss of all stored data;

e.  That Defendants will charge Plaintiff and the class $29.00 for use of an iPhone while their phone is being serviced under the battery replacement program.

f.  That annually, Plaintiff and the class will incur costs of approximately 20% of the purchase price of the iPhone simply for maintenance, repair, and/or replacement of the iPhone battery.

31.  The facts as alleged in ¶30(a)-(f) above, and the ninth-inning disclosure by Defendants of same, were material in that had Plaintiff and the class known the true nature of the iPhone and its actual expense they would not have purchased the iPhone from Defendants or conducted business with Defendants.

32.  Defendants require that Plaintiff and the class sign a two-year service contract, all but ensuring that Plaintiff and the class will be forced to pay for the iPhone battery replacement program at least once during the initial two year contract.

33.  Defendant had a duty to disclose the material facts, as alleged in ¶30(a)-(f) above, to Plaintiff and the Class

because Defendant was in a position of superior knowledge to Plaintiff, in that Defendants knew of, and Plaintiff could never have known of, the fraudulent nature of Defendants' misrepresentations, omissions, and statements.

34.   As a result of Defendants' fraudulent concealment of material facts, such as those alleged in ¶30(a)-(f) above, Plaintiff and the class have and will suffer damages.

### COUNT II: ILLINOIS CONSUMER FRAUD
### AND DECEPTIVE BUSINESS PRACTICES ACT

1-29   Plaintiff incorporates the allegations of ¶1-¶29 above of this Complaint as if fully stated herein in this Count II.

30.   By and through its advertisements, marketing, promotions, packaging, and manual, Defendants fraudulently misrepresented, concealed, and or omitted material facts to and from Plaintiff and the class, such as:

a. That the iPhone battery is enclosed and soldered inside the iPhone, and cannot be changed by the owner but instead must be returned to Apple for service and/or repair;

b. That the iPhone battery has a durability and/or lifetime of approximately 300 charges, necessitating frequent and more than annual maintenance, repair,

and/or replacement if charged regularly on a daily basis;

c. That replacement, repair, and/or maintenance of the iPhone battery will cost Plaintiff and the class approximately $85.95 under the Defendants' battery replacement program;

d. That the battery replacement program requires Plaintiff and the class to be without their iPhone for approximately three days, and results in complete loss of all stored data;

e. That Defendants will charge Plaintiff and the class $29.00 for use of an iPhone while their phone is being serviced under the battery replacement program.

f. That annually, Plaintiff and the class will incur costs of approximately 20% of the purchase price of the iPhone simply for maintenance, repair, and/or replacement of the iPhone battery.

31.     Such fraud was committed by Defendants in the course of trade and commerce, as Plaintiff and the class were consumers of Defendants' product.

32.     Defendants had knowledge of the following:

a. That the iPhone battery is enclosed and soldered inside the iPhone, and cannot be changed by the owner but instead must be returned to Apple for service and/or repair;

b. That the iPhone battery has a durability and/or lifetime of approximately 300 charges, necessitating frequent and more than annual maintenance, repair, and/or replacement if charged regularly on a daily basis;

c. That replacement, repair, and/or maintenance of the iPhone battery will cost Plaintiff and the class approximately $85.95 under the Defendants' battery replacement program;

d. That the battery replacement program requires Plaintiff and the class to be without their iPhone for approximately three days, and results in complete loss of all stored data;

e. That Defendants will charge Plaintiff and the class $29.00 for use of an iPhone while their phone is being serviced under the battery replacement program.

f. That annually, Plaintiff and the class will incur costs of approximately 20% of the purchase price of the iPhone simply for maintenance, repair, and/or replacement of the iPhone battery.

33.    Defendants intended that its fraudulent statements, omissions, and/or concealments induce Plaintiff and the class to act so that Plaintiff and the class would purchase Defendants' iPhone.

34.    Defendants intended that their fraudulent statements, omissions, and/or concealments induce Plaintiff and

the class to act so that Plaintiff and the class would
then be forced to pay to Defendants approximately
$85.95 for the battery replacement program, and $29.00
for use of a loaner iPhone, annually.

35.     Defendants require Plaintiff and the class to sign a
two-year service contract, all but ensuring that
Plaintiff and the class will be forced to pay for the
iPhone battery replacement program at least once
during the initial two year contract.

36.     Plaintiff and the class relied upon the truth of
Defendants' statements, believing all costs associated
with the iPhone to have been fully disclosed prior to
purchase of same.

37.     Defendants' aforementioned conduct is unfair, immoral,
unethical, oppressive, and unscrupulous, in that
Defendants concealed from Plaintiff and the class
members those allegations in ¶¶30(a-f) and 32(a-f)
above, as alleged herein.

38.     As a proximate result of Defendants' fraudulent
statements, concealments, misrepresentations and/or
omissions Plaintiff and the class have and will suffer
damages, because absent Defendants' fraud, the
Plaintiff and the class would have never purchased the
iPhone from Defendants or transacted business with
Defendants.

## COUNT III: BREACH OF CONTRACT

12

1-29     Plaintiff incorporates the allegations of ¶1-¶29 above
of this Complaint as if fully stated herein in this Count III.

30.     Defendants made an offer to sell to Plaintiff and the
class a functional and complete iPhone with a battery
in exchange for its relative purchase price, which
varies by model, store, etc.

31.     Plaintiff and the class accepted Defendants' offer by
going to Defendants' stores and purchasing the iPhone.

32.     Defendants breached their offer to sell to Plaintiff
and the class a functional and complete iPhone with a
battery when Defendants failed to disclose to
Plaintiff and the class prior to their purchase that:

a. That the iPhone battery is enclosed and soldered
inside the iPhone, and cannot be changed by the owner
but instead must be returned to Apple for service
and/or repair;

b. That the iPhone battery has a durability and/or
lifetime of approximately 300 charges, necessitating
frequent and more than annual maintenance, repair,
and/or replacement if charged regularly on a daily
basis;

c. That replacement, repair, and/or maintenance of the
iPhone battery will cost Plaintiff and the class
approximately $85.95 under the Defendants' battery
replacement program;

13

d. That the battery replacement program requires Plaintiff and the class to be without their iPhone for approximately three days, and results in complete loss of all stored data;

e. That Defendants will charge Plaintiff and the class $29.00 for use of an iPhone while their phone is being serviced under the battery replacement program.

f. That annually, Plaintiff and the class will incur costs of approximately 20% of the purchase price of the iPhone simply for maintenance, repair, and/or replacement of the iPhone battery.

g. Defendants require that Plaintiff and the class sign a two-year service contract, all but ensuring that Plaintiff and the class will be forced to pay for the iPhone battery replacement program at least once during the initial two year contract.

33.     Plaintiff and the class have and will suffer damages as a proximate result of Defendants' breach of contract.

## COUNT IV: BREACH OF IMPLIED WARRANTIES

1-29     Plaintiff incorporates the allegations of ¶1-¶29 above of this Complaint as if fully stated herein in this Count IV.

30.     Defendants have committed a breach of implied warranty of merchantability pursuant to 810 ILCS 5/2-314 and/or

implied warranty of fitness for a particular purpose
pursuant to 810 ILCS 5/2-315.

31.    Defendants' iPhone is a consumer good and Defendants
are merchants within the meaning of 810 ILCS 5/2-314.

32.    Defendants' iPhone has been sold with the implied
warranty that they are fit for ordinary use and/or
particular purposes for which cellular phones are
used, and that all costs associated with the use of
same are disclosed in advance of the purchase.

33.    Defendants' affirmations of fact as alleged herein
formed the basis of the bargain between the parties.

34.    Defendants' iPhone is not reasonably fit for its
ordinary use and/or particular purpose in that when
Plaintiff and the class purchased their iPhones they
never contemplated the following:

a. That the iPhone battery is enclosed and soldered
inside the iPhone, and cannot be changed by the owner
but instead must be returned to Apple for service
and/or repair;

b. That the iPhone battery has a durability and/or
lifetime of approximately 300 charges, necessitating
frequent and more than annual maintenance, repair,
and/or replacement if charged regularly on a daily
basis;

c. That replacement, repair, and/or maintenance of the
iPhone battery will cost Plaintiff and the class

approximately $85.95 under the Defendants' battery replacement program;

d. That the battery replacement program requires Plaintiff and the class to be without their iPhone for approximately three days, and results in complete loss of all stored data;

e. That Defendants will charge Plaintiff and the class $29.00  for use of an iPhone while their phone is being serviced under the battery replacement program.

f. That annually, Plaintiff and the class will incur costs of approximately 20% of the purchase price of the iPhone simply for maintenance, repair, and/or replacement of the iPhone battery.

35.    A consumer advocacy group, the Foundation for Consumer and Taxpayer Rights, said of consumers who purchased the iPhone from Defendants that "[s]ome of them might be waking up now wondering who they got in bed with", calling the "hidden disclosure that's going to cost the user as much as 20 percent of the purchase price [annually]…a colossal mistake."

36.    Defendants require that Plaintiff and the class sign a two-year service contract, all but ensuring that Plaintiff and the class will be forced to pay for the iPhone battery replacement program at least once during the initial two year contract.

37.    As a proximate result of Defendants' breach of implied warranty, Plaintiff and the class have and will suffer damages.

### COUNT V: UNJUST ENRICHMENT

1-29    Plaintiff incorporates the allegations of ¶1-¶29 above of this Complaint as if fully stated herein in this Count V.

30.    This Count V for unjust enrichment is plead in the alternative to Plaintiff's and the class' claim for breach of contract.

31.    Defendants, to the detriment of the Plaintiff and the Class, have benefited and been unjustly enriched by their conduct where they have sold and continue to sell their iPhone while misrepresenting, omitting, and/or concealing from Plaintiff and the class prior to purchase:

a. That the iPhone battery is enclosed and soldered inside the iPhone, and cannot be changed by the owner but instead must be returned to Apple for service and/or repair;

b. That the iPhone battery has a durability and/or lifetime of approximately 300 charges, necessitating frequent and more than annual maintenance, repair, and/or replacement if charged regularly on a daily basis;

c. That replacement, repair, and/or maintenance of the iPhone battery will cost Plaintiff and the class

approximately $85.95 under the Defendants' battery replacement program;

d. That the battery replacement program requires Plaintiff and the class to be without their iPhone for approximately three days, and results in complete loss of all stored data;

e. That Defendants will charge Plaintiff and the class $29.00 for use of an iPhone while their phone is being serviced under the battery replacement program.

f. That annually, Plaintiff and the class will incur costs of approximately 20% of the purchase price of the iPhone simply for maintenance, repair, and/or replacement of the iPhone battery.

g. That it is all but guaranteed that Plaintiff and the class will be forced to pay for the iPhone battery replacement program at least once during the initial two year contract where Defendants require that Plaintiff and the class sign a two-year service contract, and the battery is not manufactured to last that long with regular and reasonable use.

32. Defendants had and have knowledge of these benefits, and have voluntarily accepted and retained these benefits by intentionally and fraudulently concealing, omitting, and/or misrepresenting the true capabilities and service fees associated with the iPhone battery prior to purchase by Plaintiff and the class.

33.   The circumstances described herein are such that it would be inequitable, unconscionable, unfair, unlawful, and unjust for Defendants to retain these ill-gotten benefits without paying the value thereof to the Plaintiff and the class.

34.   As a result of Defendants' unjust enrichment, Plaintiff and the class have and will suffer damages.

### COUNT VI: ACCOUNTING

1-29   Plaintiff incorporates the allegations of ¶1-¶29 above of this Complaint as if fully stated herein in this Count V.

30.   Pursuant to the above-described conduct and causes of action, the circumstances or relationship between the parties gives rise to a duty on the part of Defendants to account to Plaintiffs.

31.   No other adequate remedy at law exists.

32.   The exact amount of income, revenue, and interest generated and retained by Defendants from Plaintiff's and the class' purchase of the iPhone, and the income, revenue, and interest that has and will be generated by Defendants from Plaintiff's and the class' payment of fees under the Defendants' iPhone battery replacement program cannot be presently known because all books of account and records pertaining to same are in the possession of Defendants.

19

33. Accordingly, an accounting would permit Plaintiffs, the class, and the Court to ascertain the amounts due to Plaintiffs and the class.

34. An accounting should be conducted in equity under the supervision of this Court because it would involve intricate itemizations of income, prospective income, revenue and interest, prospective revenue and interest, and there is a need for discovery.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Certify the class and appoint Plaintiff and Plaintiff's counsel to represent the Class;

B. Find that Defendants committed a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, fraudulent concealment, breach of contract, breach of implied warranty, and were unjustly enriched;

C. Find that Defendants should account for all revenues improperly earned, as alleged herein;

D. Find that Defendants pay actual, compensatory, and punitive damages for their conduct as alleged herein;

E. Award reasonable attorneys' fees and costs; and

F. Grant such other relief as this Court deems appropriate.

JOSE TRUJILLO, individually and
on behalf of all others similarly
situated,


By:_____/s/ James Rowe_____

LARRY D. DRURY
JAMES ROWE
LARRY D. DRURY, LTD.
205 WEST RANDOLPH, #1430
CHICAGO, IL 60603
312/346-7950
Atty. No. 22873