## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JOSE TRUJILLO, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE COMPUTER, INC., a California corporation and AT&T MOBILITY LLC, a Georgia corporation,<br><br>    Defendants. | CASE NO.: 07-CV-04946<br><br>Judge Kennelly<br>Magistrate Judge Ashman |

## DEFENDANT APPLE INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT

Defendant Apple Inc., formerly known as Apple Computer, Inc., ("Apple"), by and through its attorneys, answers Plaintiff Jose Trujillo's ("plaintiff") Complaint as follows:

### INTRODUCTION

This case arises out of Defendants' purposeful and fraudulent concealment to purchasers of its iPhone cellular telephone that they will be required to incur an annual fee of $85.95 as part of Defendants' battery replacement program.

  **ANSWER:**  Apple denies each and every averment in the Introduction.

### PARTIES

1.  Plaintiff, Trujillo, at all times relevant hereto resided in village of Melrose Park, county of Cook, Illinois.

  **ANSWER:**  Responding to paragraph 1 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 and on that basis denies the averments.

2.  At all times relevant hereto, Defendant, Apple, was a California corporation with facilities located throughout Illinois and the United States, whose headquarters are located in Cupertino, California and who is doing business in Cook County, Illinois.

Dockets.Justia.com

**ANSWER**:    Responding to paragraph 2 of the Complaint, Apple states that it is a California corporation and that its corporate headquarters are located in Cupertino, California. Apple further states that it has retail stores in Illinois, including in Cook County, and in other locations in the United States. Apple is unable to further respond to paragraph 2 because its use of the term "facilities" is vague and ambiguous. Without clarification, Apple is without knowledge or information sufficient to form a belief as to the truth of such averments in paragraph 2 and on that basis denies the averments. Except as expressly stated, Apple denies each and every averment in paragraph 2.

3.    At all times relevant hereto, Defendant, AT&T Mobility, LLC, was a Georgia corporation with facilities located throughout Illinois and the United States, whose headquarters are located in Atlanta, Georgia and who is doing business in Cook County, Illinois.

**ANSWER**:    Responding to paragraph 3 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3 and on that basis denies the averments.

### JURISDICTION & VENUE

4.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and/or §1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs, and is a class action in which some members of the class are citizens of states different than Defendants. See 28 U.S.C. §1332(d)(2)(A). in that the Defendant has transacted business and committed acts relating to the matters complained of herein in this state, and the Plaintiff and Defendants are citizens of separate states.

**ANSWER**:    Responding to paragraph 4 of the Complaint, Apple states that insofar as plaintiff's averments state conclusions of law, no response thereto is required. Apple denies that class treatment is appropriate and denies that plaintiff or members of the purported class have been damaged or are entitled to relief of any kind. Apple is unable to respond to the second sentence in paragraph 4 because it is incomplete and, therefore, vague and ambiguous. Without clarification, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the averments.

5.    Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the acts giving rise to Plaintiff's claims occurred in this District.

**ANSWER**:    Responding to paragraph 5 of the Complaint, insofar as plaintiff's averments in paragraph 5 state conclusions of law, no response thereto is required.  However, to the extent an answer is required, Apple denies the averments of paragraph 5.

6.    This Court has supplemental jurisdiction over the state law claims herein under 28 U.S.C. §1367.

**ANSWER**:    Responding to paragraph 6 of the Complaint, Apple states that plaintiff's allegations are conclusions of law and no response is required thereto.

### SUBSTANTIVE ALLEGATIONS

7.    On or about June 29, 2007 Apple launched, to much fanfare, its iPhone, a hybrid cell phone, iPod media player, and wireless web-browsing device.

**ANSWER**:    Responding to paragraph 7 of the Complaint, Apple states that it began selling the iPhone on June 29, 2007.  Apple states that the iPhone combines three products — a mobile phone, an iPod, and an Internet communications device with email, web browsing, searching and maps.  Except as expressly stated, Apple denies each and every averment in paragraph 7.

8.    Plaintiff purchased his iPhone from an Apple retail store located in OakBrook, Illinois, for $533.93.

**ANSWER**:    Responding to paragraph 8 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 8 and on that basis denies the averments.

9.    It is estimated that Apple sold over 500,000 iPhones within the first week following its launch.  These devices were sold in Apple and AT&T retail stores and online through Apple's website.

**ANSWER**: Responding to paragraph 9 of the Complaint, Apple states that the iPhone was sold in Apple retail stores and AT&T retail stores and through Apple's online store.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 9 and on that basis denies the averments.

10.    AT&T is the iPhone's exclusive carrier, and along with Apple retails the iPhone in their retail stores.

**ANSWER**:  Responding to paragraph 10 of the Complaint, Apple states that the iPhone

is sold at AT&T retail stores and that AT&T is the exclusive carrier for iPhone.

11.     Apple marketed its iPhone as a "revolutionary new mobile phone" that incorporates "high technology".

**ANSWER**:     Responding to paragraph 11 of the Complaint, Apple states that it has used

the terms "revolutionary new mobile phone" and "high technology" in certain marketing

materials.

12.     Unknown to the Plaintiff, and undisclosed to the public, prior to purchase, the iPhone is a sealed unit with its battery soldered on the inside of the device so that it cannot be changed by the owner.

**ANSWER**:     Responding to paragraph 12 of the Complaint, Apple denies each and

every averment in paragraph 12.

13.     The battery enclosed in the iPhone can only be charged approximately 300 times before it will be in need of replacement, necessitating a new battery annually for owners of the iPhone.

**ANSWER**:     Responding to paragraph 13 of the Complaint, Apple denies each and

every averment in paragraph 13.

14.     Apple maintains a "battery replacement program" for the iPhone which requires users to submit their phone to Apple for service.  For the battery replacement and/or service, Apple charges $79.00 plus $6.95 for shipping and handling, totaling $85.95 per service.

**ANSWER**:     Responding to paragraph 14 of the Complaint, Apple states that it offers

battery replacement for out-of-warranty iPhones for $79, plus $6.95 for shipping.  Except as

expressly stated, Apple denies each and every averment in paragraph 14.

15.     The battery replacement takes three days, and while the iPhone is under repair, Apple provides a 'loaner iPhone' for $29.00.

**ANSWER**:     Responding to paragraph 15 of the Complaint, Apple states that, as set

forth on its website, the repair process for the iPhone normally takes three business days.  Apple

further states that, as set forth on its website, Apple can provide an AppleCare Service Phone for

a consumer to use with all of his or her data while the iPhone is being repaired for a service fee

of $29.  Except as expressly stated, Apple denies each and every averment contained in

paragraph

16.     During the repair and/or service to the iPhone under the battery replacement program, all data is erased from the iPhone, including contact phone numbers, etc.

**ANSWER**     Responding to paragraph 16 of the Complaint, Apple states that, as set forth on its website, the repair process will clear all data from the iPhone; therefore, consumers should sync their iPhone with iTunes to back up contacts, photos, email account settings, and text messages.  Except as expressly stated, Apple denies each and every averment contained in paragraph 16.

17.     Although Apple and AT&T outlined its cellular service rates and many other features of the iPhone in advance of its launch, Apple and AT&T waited to disclose the durability of its battery, the terms and conditions of its battery replacement program and 'loaner' program, and the cost of same, until after the iPhone went on sale.

**ANSWER**:     Responding to paragraph 17 of the Complaint, Apple states it disclosed the cellular service rates and certain features of the iPhone in advance of its launch.  Except as expressly stated, Apple denies each and every averment contained in paragraph 17.

18.     The iPhone packaging and its enclosed manuals and/or papers failed to inform the Plaintiff and the class of the durability of the iPhone battery, the terms and conditions of its battery replacement program and 'loaner' program, and the cost of same.

**ANSWER**:     Responding to paragraph 18 of the Complaint, Apple denies each and every averment contained in paragraph 18.

19.     The Defendants' marketing and promotion of the iPhone failed to inform the Plaintiff and the class of the durability of its battery, the terms and conditions of its battery replacement program and 'loaner' program, and the cost of same.

**ANSWER**:     Responding to paragraph 19 of the Complaint, Apple denies each and every averment contained in paragraph 19.

20.     On or about Thursday, July 5, 2007 Apple spokesperson, Jennifer Hakes, said Apple posted the battery replacement program details on its website after the iPhone went on sale.

**ANSWER**:     Responding to paragraph 20 of the Complaint, Apple denies each and every averment contained in paragraph 20.

21.     The battery replacement program information on Apple's website was located under several layers of links on the support page of Apple's website.

**ANSWER**:     Responding to paragraph 21 of the Complaint, Apple denies each and every averment contained in paragraph 21.

22.    The battery replacement program will cost iPhone consumers nearly 20% of the purchase price of their phone annually, amounting to a de facto annual maintenance and/or service charge.

**ANSWER**:    Responding to paragraph 22 of the Complaint, Apple denies each and

every averment contained in paragraph 22.

23.    The terms and costs of the battery replacement program, and the durability and life of the battery, were not disclosed to Plaintiff and the class prior to their purchase, and could not have been discovered by Plaintiff and the class where Apple and AT&T failed to disclose same in advance of the iPhone launch date.

**ANSWER**:    Responding to paragraph 23 of the Complaint, Apple denies each and

every averment contained in paragraph 23.

24.    The Plaintiff and the class were required to sign a minimum two-year service plan with AT&T at the time of purchase of the iPhone.

**ANSWER**:    Responding to paragraph 24 of the Complaint, Apple states that all iPhone

service plans are based on a two-year service agreement with AT&T.  Except as expressly stated,

Apple denies each and every averment contained in paragraph 24.

## CLASS ALLEGATIONS

25.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure , Plaintiff brings this action on behalf of himself and a class of similarly situated individuals.  The class consists of all consumers, from 2007 to the date of judgment, throughout the United States, who purchased Defendants' iPhone.

**ANSWER**:    Responding to paragraph 25 of the Complaint, insofar as plaintiff's

averments in paragraph 25 state conclusions of law, no response thereto is required. Apple states

that plaintiff purports to bring a class action against Apple.  Apple denies that class treatment is

appropriate and denies that plaintiff or members of the purported class have been damaged or are

entitled to relief of any kind.  Except as expressly stated, Apple denies each and every averment

contained in paragraph 25.

26.    Upon information and belief, the Plaintiff class numbers in at least the hundreds of thousands, if not millions, such that joinder of all members is impracticable.

**ANSWER**:    Responding to paragraph 26 of the Complaint, insofar as plaintiff's

averments in paragraph 26 state conclusions of law, no response thereto is required.  However, to

the extent an answer is required, Apple denies the averments of paragraph 26.

27.     Common questions predominate over questions affecting individual members of the class.  Common questions include:

        i.      Whether Defendants committed a breach of the Illinois Consumer Fraud and Deceptive Business Practices Act, and all like and similar statutes throughout the United States;

        ii.     Whether Defendants purposefully omitted, misrepresented, and/or fraudulently concealed the durability of the iPhone battery, the terms and conditions of its battery replacement program and "loaner" program, and the cost of same, prior to purchase by Plaintiff and the class.

        iii.    Whether Defendants committed a breach of contract and/or breach of warranty to Plaintiff and the class.

        iv.     Whether Defendants were unjustly enriched to the detriment of Plaintiff and the Class.

        **ANSWER**:    Responding to paragraph 27 of the Complaint, insofar as plaintiff's

averments in paragraph 27 state conclusions of law, no response thereto is required.  However, to

the extent an answer is required, Apple denies each and every averment contained in paragraph

27 and each and every averment contained in all subparagraphs of paragraph 27.

28.     Plaintiff will fairly and adequately protect the interest of the class; Plaintiff has retained counsel competent and experienced in class action litigation; and Plaintiff has no interests antagonistic to those of the Plaintiff class members.

        **ANSWER**:    Responding to paragraph 28 of the Complaint, insofar as plaintiff's

averments in paragraph 28 state conclusions of law, no response thereto is required.  However, to

the extent an answer is required, Apple denies each and every averment contained in

paragraph 28.

29.     A class action is an appropriate method for fairly and efficiently adjudicating this controversy because, among other things, joinder of all members of the class is impracticable, and employing the class action device here, in lieu of entertaining individual suits on the same issue, would greatly serve judicial economy.

        **ANSWER**:    Responding to paragraph 29 of the Complaint, insofar as plaintiff's

averments in paragraph 29 state conclusions of law, no response thereto is required.  However, to

the extent an answer is required, Apple denies each and every averment contained in

paragraph 29.

## COUNT I:  FRAUDULENT CONCEALMENT

1-29.   Plaintiff incorporates the allegations of ¶1-¶29 above of this Complaint as if fully stated herein in this Count I.

**ANSWER**:    Responding to plaintiff's incorporation of paragraphs 1-29, Apple

realleges and reincorporates by reference each and every preceding paragraph of this Answer as

if fully set forth herein.

30.   Defendants concealed the following material facts from Plaintiff and the class prior to their purchase of the iPhone:

a.   That the iPhone battery is enclosed and soldered inside the iPhone, and cannot be changed by the owner but instead must be returned to Apple for service and/or repair;

b.   That the iPhone battery has a durability and/or lifetime of approximately 300 charges, necessitating frequent and more than annual maintenance, repair, and/or replacement if charged regularly on a daily basis;

c.   That replacement, repair, and/or maintenance of the iPhone battery will cost Plaintiff and the class approximately $85.95 under the Defendants' battery replacement program;

d.   That the battery replacement program requires Plaintiff and the class to be without their iPhone for approximately three days, and results in complete loss of all stored data;

e.   That Defendants will charge Plaintiff and the class $29.00 for use of an iPhone while their phone is being serviced under the battery replacement program.

f.   That annually, Plaintiff and the class will incur costs of approximately 20% of the purchase price of the iPhone simply for maintenance, repair, and/or replacement of the iPhone battery.

**ANSWER**:    Responding to paragraph 30 of the Complaint, Apple denies each and

every averment contained in paragraph 30 and in each and every subparagraph thereof.

31.   The facts as alleged in ¶30(a)-(f) above, and the ninth-inning disclosure by Defendants of same, were material in that had Plaintiff and the class known the true nature of the iPhone and its actual expense they would not have purchased the iPhone from Defendants or conducted business with Defendants.

**ANSWER**:    Responding to paragraph 31 of the Complaint, Apple denies each and

every averment contained in paragraph 31.

32.   Defendants require that Plaintiff and the class sign a two-year service contract, all but ensuring that Plaintiff and the class will be forced to pay for the iPhone battery replacement program at least once during the initial two year contract.

**ANSWER:**    Responding to paragraph 32 of the Complaint, Apple states that all iPhone

service plans are based on a two-year service agreement with AT&T.  Except as expressly stated,

Apple denies each and every averment contained in paragraph 32.

33.    Defendant had a duty to disclose the material facts, as alleged in ¶30(a)-(f) above, to
Plaintiff and the Class because Defendant was in a position of superior knowledge to Plaintiff, in
that Defendants knew of, and Plaintiff could never have known of, the fraudulent nature of
Defendants' misrepresentations, omissions, and statements.

**ANSWER:**    Responding to paragraph 33 of the Complaint, insofar as plaintiff's

averments in paragraph 33 state conclusions of law, no response thereto is required.  However, to

the extent an answer is required, Apple denies each and every averment contained in

paragraph 33.

34.    As a result of Defendants' fraudulent concealment of material facts, such as those alleged
in ¶30(a)-(f) above, Plaintiff and the class have and will suffer damages.

**ANSWER:**    Responding to paragraph 34 of the Complaint, Apple denies that plaintiff

or members of the purported class have been damaged or are entitled to relief of any kind and

denies each and every averment contained in paragraph 34.

### COUNT II:  ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

1-29.    Plaintiff incorporates the allegations of ¶1-¶29 above of this Complaint as if fully stated
herein in this Count I.

**ANSWER:**    Responding to plaintiff's incorporation of paragraphs 1-29, Apple

realleges and reincorporates by reference each and every preceding paragraph of this Answer as

if fully set forth herein.

30.    By and through its advertisements, marketing, promotions, packaging, and manual,
Defendants fraudulently misrepresented, concealed, and or omitted material facts to and from
Plaintiff and the class, such as:

a.    That the iPhone battery is enclosed and soldered inside the iPhone, and cannot be
changed by the owner but instead must be returned to Apple for service and/or repair;

b.    That the iPhone battery has a durability and/or lifetime of approximately 300
charges, necessitating frequent and more than annual maintenance, repair, and/or replacement if
charged regularly on a daily basis;

c.    That replacement, repair, and/or maintenance of the iPhone battery will cost
Plaintiff and the class approximately $85.95 under the Defendants' battery replacement program;

d.      That the battery replacement program requires Plaintiff and the class to be without their iPhone for approximately three days, and results in complete loss of all stored data;

e.      That Defendants will charge Plaintiff and the class $29.00 for use of an iPhone while their phone is being serviced under the battery replacement program.

f.      That annually, Plaintiff and the class will incur costs of approximately 20% of the purchase price of the iPhone simply for maintenance, repair, and/or replacement of the iPhone battery.

**ANSWER**:      Responding to paragraph 30 of the Complaint, Apple denies each and

every averment contained in paragraph 30 and in each and every subparagraph thereof.

31.      Such fraud was committed by Defendants in the course of trade and commerce, as Plaintiff and the class were consumers of Defendants' product.

**ANSWER**:      Responding to paragraph 31 of the Complaint, insofar as plaintiff's

averments in paragraph 31 state conclusions of law, no response thereto is required.  However, to

the extent an answer is required, Apple denies each and every averment contained in

paragraph 31.

32.      Defendants had knowledge of the following:

a.      That the iPhone battery is enclosed and soldered inside the iPhone, and cannot be changed by the owner but instead must be returned to Apple for service and/or repair;

b.      That the iPhone battery has a durability and/or lifetime of approximately 300 charges, necessitating frequent and more than annual maintenance, repair, and/or replacement if charged regularly on a daily basis;

c.      That replacement, repair, and/or maintenance of the iPhone battery will cost Plaintiff and the class approximately $85.95 under the Defendants' battery replacement program;

d.      That the battery replacement program requires Plaintiff and the class to be without their iPhone for approximately three days, and results in complete loss of all stored data;

e.      That Defendants will charge Plaintiff and the class $29.00 for use of an iPhone while their phone is being serviced under the battery replacement program.

f.      That annually, Plaintiff and the class will incur costs of approximately 20% of the purchase price of the iPhone simply for maintenance, repair, and/or replacement of the iPhone battery.

**ANSWER:**    Responding to paragraph 32 of the Complaint, insofar as plaintiff's averments in paragraph 32 state conclusions of law, no response thereto is required.  Apple states that the iPhone contains a rechargeable lithium-ion battery.  Apple states that it offers battery replacement for out-of-warranty iPhones for $79, plus $6.95 for shipping.  Apple further states that, as set forth on its website, the repair process for the iPhone normally takes three business days and that Apple can provide an AppleCare Service Phone for a consumer to use with all of his or her data while the iPhone is being repaired for a service fee of $29.  Apple also states that, as set forth on its website, the repair process will clear all data from the iPhone; therefore, consumers should sync their iPhone with iTunes to back up contacts, photos, email account settings, and text messages.  Except as expressly stated, Apple denies each and every averment contained in paragraph 32 and in each and every subparagraph thereof.

33.    Defendants intended that its fraudulent statements, omissions, and/or concealments induce Plaintiff and the class to act so that Plaintiff and the class would purchase Defendants' iPhone.

**ANSWER:**    Responding to paragraph 33 of the Complaint, Apple denies each and every averment contained in paragraph 33.

34.    Defendants intended that their fraudulent statements, omissions, and/or concealments induce Plaintiff and the class to act so that Plaintiff and the class would then be forced to pay to Defendants approximately $85.95 for the battery replacement program, and $29.00 for use of a loaner iPhone, annually.

**ANSWER:**    Responding to paragraph 34 of the Complaint, Apple denies each and every averment contained in paragraph 34.

35.    Defendants require that Plaintiff and the class sign a two-year service contract, all but ensuring that Plaintiff and the class will be forced to pay for the iPhone battery replacement program at least once during the initial two year contract.

**ANSWER:**    Responding to paragraph 35 of the Complaint, Apple states that all iPhone service plans are based on a two-year service agreement with AT&T.  Except as expressly stated, Apple denies each and every averment contained in paragraph 35.

36.    Plaintiff and the class relied upon the truth of Defendants' statements, believing all costs associated with the iPhone to have been fully disclosed prior to purchase of same.

**ANSWER**:    Responding to paragraph 36 of the Complaint, Apple denies each and

every averment contained in paragraph 36.

37.    Defendants' aforementioned conduct is unfair, immoral, unethical, oppressive, and unscrupulous, in that Defendants concealed from Plaintiff and the class members those allegations in 919130(a-f) and 32(a-f) above, as alleged herein.

**ANSWER**:    Responding to paragraph 37 of the Complaint, Apple denies each and

every averment contained in paragraph 37.

38.    As a proximate result of Defendants' fraudulent statements, concealments, misrepresentations and/or omissions Plaintiff and the class have and will suffer damages, because absent Defendants' fraud, the Plaintiff and the class would have never purchased the iPhone from Defendants or transacted business with Defendants.

**ANSWER**:    Responding to paragraph 38 of the Complaint, Apple denies each and

every averment contained in paragraph 38 and further denies that plaintiff or members of the

purported class have been damaged or are entitled to relief of any kind.

## COUNT III:  BREACH OF CONTRACT

1-29.   Plaintiff incorporates the allegations of ¶1-¶29 above of this Complaint as if fully stated herein in this Count I.

**ANSWER**:    Responding to plaintiff's incorporation of paragraphs 1-29, Apple

realleges and reincorporates by reference each and every preceding paragraph of this Answer as

if fully set forth herein.

30.    Defendants made an offer to sell to Plaintiff and the class a functional and complete iPhone with a battery in exchange for its relative purchase price, which varies by model, store, etc.

**ANSWER**:    Responding to paragraph 30 of the Complaint, Apple denies each and

every averment in paragraph 30.

31.    Plaintiff and the class accepted Defendants' offer by going to Defendants' stores and purchasing the iPhone.

**ANSWER**:    Responding to paragraph 31 of the Complaint, Apple denies each and

every averment in paragraph 31.

32.    Defendants breached their offer to sell to Plaintiff and the class a functional and complete iPhone with a battery when Defendants failed to disclose to Plaintiff and the class prior to their purchase that:

a.    That the iPhone battery is enclosed and soldered inside the iPhone, and cannot be changed by the owner but instead must be returned to Apple for service and/or repair;

b.    That the iPhone battery has a durability and/or lifetime of approximately 300 charges, necessitating frequent and more than annual maintenance, repair, and/or replacement if charged regularly on a daily basis;

c.    That replacement, repair, and/or maintenance of the iPhone battery will cost Plaintiff and the class approximately $85.95 under the Defendants' battery replacement program;

d.    That the battery replacement program requires Plaintiff and the class to be without their iPhone for approximately three days, and results in complete loss of all stored data;

e.    That Defendants will charge Plaintiff and the class $29.00 for use of an iPhone while their phone is being serviced under the battery replacement program.

f.    That annually, Plaintiff and the class will incur costs of approximately 20% of the purchase price of the iPhone simply for maintenance, repair, and/or replacement of the iPhone battery.

g.    Defendants require that Plaintiff and the class sign a two-year service contract, all but ensuring that Plaintiff and the class will be forced to pay for the iPhone battery replacement program at least once during the initial two year contract.

**ANSWER**:    Responding to paragraph 32 of the Complaint, Apple denies each and

every averment contained in paragraph 32 and each and every subparagraph thereto.

33.    Plaintiff and the class have and will suffer damages as a proximate result of Defendants' breach of contract.

**ANSWER**:    Responding to paragraph 33 of the Complaint, Apple denies each and

every averment contained in paragraph 33 and further denies that plaintiff or members of the

purported class have been damaged or are entitled to relief of any kind.

## COUNT IV:  BREACH OF IMPLIED WARRANTIES

1-29.    Plaintiff incorporates the allegations of ¶1-¶29 above of this Complaint as if fully stated herein in this Count I.

**ANSWER**:    Responding to plaintiff's incorporation of paragraphs 1-29, Apple

realleges and reincorporates by reference each and every preceding paragraph of this Answer as

if fully set forth herein.

30.    Defendants have committed a breach of implied warranty of merchantability pursuant to 810 ILCS 5/2-314 and/or implied warranty of fitness for a particular purpose pursuant to 810 ILCS 5/2-315.

**ANSWER**:    Responding to paragraph 30 of the Complaint, insofar as plaintiff's

averments in paragraph 30 state conclusions of law, no response thereto is required.  However, to

the extent an answer is required, Apple denies each and every averment contained in

paragraph 30.

31.    Defendants' iPhone is a consumer good and Defendants are merchants within the
meaning of 810 ILCS 5/2-314.

**ANSWER**:    Responding to paragraph 31 of the Complaint, insofar as plaintiff's

averments in paragraph 31 state conclusions of law, no response thereto is required.

31. However, to the extent an answer is required, Apple denies each and every averment

contained in paragraph 31.

32.    Defendants' iPhone has been sold with the implied warranty that they are fit for ordinary
use and/or particular purposes for which cellular phones are used, and that all costs associated
with the use of same are disclosed in advance of the purchase.

**ANSWER**:    Responding to paragraph 32 of the Complaint, insofar as plaintiff's

averments in paragraph 32 state conclusions of law, no response thereto is required.  However, to

the extent an answer is required, Apple denies each and every averment contained in

paragraph 32.

33.    Defendants' affirmations of fact as alleged herein formed the basis of the bargain
between the parties.

**ANSWER**:    Responding to paragraph 33 of the Complaint, insofar as plaintiff's

averments in paragraph 33 state conclusions of law, no response thereto is required.  However, to

the extent an answer is required, Apple denies each and every averment contained in

paragraph 33.

34.    Defendants' iPhone is not reasonably fit for its ordinary use and/or particular purpose in
that when Plaintiff and the class purchased their iPhones they never contemplated the following:

a.    That the iPhone battery is enclosed and soldered inside the iPhone, and cannot be
changed by the owner but instead must be returned to Apple for service and/or repair;

b.    That the iPhone battery has a durability and/or lifetime of approximately 300
charges, necessitating frequent and more than annual maintenance, repair, and/or replacement if
charged regularly on a daily basis;

     c.     That replacement, repair, and/or maintenance of the iPhone battery will cost Plaintiff and the class approximately $$5.95 under the Defendants' battery replacement program;

     d.     That the battery replacement program requires Plaintiff and the class to be without their iPhone for approximately three days, and results in complete loss of all stored data;

     e.     That Defendants will charge Plaintiff and the class $29.00 for use of an iPhone while their phone is being serviced under the battery replacement program.

     f.     That annually, Plaintiff and the class will incur costs of approximately 20% of the purchase price of the iPhone simply for maintenance,' repair, and/or replacement of the iPhone battery.

     **ANSWER**:    Responding to paragraph 34 of the Complaint, Apple denies each and

every averment contained in paragraph 34 and each and every subparagraph thereto.

35.    A consumer advocacy group, the Foundation for Consumer and Taxpayer Rights, said of consumers who purchased the iPhone from Defendants that "[s]ome of them might be waking up now wondering who they got in bed with", calling the "hidden disclosure that's going to cost the user as much as 20 percent of the purchase price [annually]...a colossal mistake."

     **ANSWER**:    Responding to paragraph 35 of the Complaint, Apple is without

knowledge or information sufficient to form a belief as to the truth of the averments contained in

paragraph 35 and on that basis denies the averments.

36.    Defendants require that Plaintiff and the class sign a two-year service contract, all but ensuring that Plaintiff and the class will be forced to pay for the iPhone battery replacement program at least once during the initial two year contract.

     **ANSWER**:    Responding to paragraph 36 of the Complaint, Apple states that all iPhone

service plans are based on a two-year service agreement with AT&T.  Except as expressly stated,

Apple denies each and every averment contained in paragraph 36.

37.    As a proximate result of Defendants' breach of implied warranty, Plaintiff and the class have and will suffer damages.

     **ANSWER**:    Responding to paragraph 37 of the Complaint, insofar as plaintiff's

averments in paragraph 37 state conclusions of law, Apple denies each and every averment

contained in paragraph 37 and further denies that plaintiff or members of the purported class

have been damaged or are entitled to relief of any kind.

### COUNT V:  UNJUST ENRICHMENT

1-29.   Plaintiff incorporates the allegations of ¶1-¶29 above of this Complaint as if fully stated herein in this Count I.

**ANSWER**:    Responding to plaintiff's incorporation of paragraphs 1-29, Apple realleges and reincorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

30.    This Count V for unjust enrichment is plead in the alternative to Plaintiff's and the class' claim for breach of contract.

**ANSWER**:    Responding to paragraph 30 of the Complaint, insofar as plaintiff's averments in paragraph 30 state conclusions of law, no response thereto is required.

31.    Defendants, to the detriment of the Plaintiff and the Class, have benefited and been unjustly enriched by their conduct where they have sold and continue to sell their iPhone while misrepresenting, omitting, and/or concealing from Plaintiff and the class prior to purchase:

a.    That the iPhone battery is enclosed and soldered inside the iPhone, and cannot be changed by the owner but instead must be returned to Apple for service and/or repair;

b.    That the iPhone battery has a durability and/or lifetime of approximately 300 charges, necessitating frequent and more than annual maintenance, repair, and/or replacement if charged regularly on a daily basis;

c.    That replacement, repair, and/or maintenance of the iPhone battery will cost Plaintiff and the class approximately $85.95 under the Defendants' battery replacement program;

d.    That the battery replacement program requires Plaintiff and the class to be without their iPhone for approximately three days, and results in complete loss of all stored data;

e.    That Defendants will charge Plaintiff and the class $29.00 for use of an iPhone while their phone is being serviced under the battery replacement program.

f.    That annually, Plaintiff and the class will incur costs of approximately 20% of the purchase price of the iPhone simply for maintenance, repair, and/or replacement of the iPhone battery.

g.    That it is all but guaranteed that Plaintiff and the class will be forced to pay for the iPhone battery replacement program at least once during the initial two year contract where Defendants require that Plaintiff and the class sign a two-year service contract, and the battery is not manufactured to last that long with regular and reasonable use.

**ANSWER**:    Responding to paragraph 31 of the Complaint, Apple denies each and every averment contained in paragraph 31 and each and every subparagraph thereto.

32.    Defendants had and have knowledge of these benefits, and have voluntarily accepted and retained these benefits by intentionally and fraudulently concealing, omitting, and/or misrepresenting the true capabilities and service fees associated with the iPhone battery prior to purchase by Plaintiff and the class.

**ANSWER:**    Responding to paragraph 32 of the Complaint, Apple denies each and

every averment contained in paragraph 32.

33.    The circumstances described herein are such that it would be inequitable,
unconscionable, unfair, unlawful, and unjust for Defendants to retain these ill-gotten benefits
without paying the value thereof to the Plaintiff and the class.

**ANSWER:**    Responding to paragraph 33 of the Complaint, Apple denies each and

every averment contained in paragraph 33.

34.    As a result of Defendants' unjust enrichment, Plaintiff and the class have and will suffer
damages.

**ANSWER:**    Responding to paragraph 34 of the Complaint, Apple denies each and

every allegation of paragraph 34 and further denies that plaintiff or members of the purported

class have been damaged or are entitled to relief of any kind.

### COUNT VI:  ACCOUNTING

1-29.   Plaintiff incorporates the allegations of ¶1-¶29 above of this Complaint as if fully stated
herein in this Count I.

**ANSWER:**    Responding to plaintiff's incorporation of paragraphs 1-29, Apple

realleges and reincorporates by reference each and every preceding paragraph of this Answer as

if fully set forth herein.

30.    Pursuant to the above-described conduct and causes of action, the circumstances or
relationship between the parties gives rise to a duty on the part of Defendants to account to
Plaintiffs.

**ANSWER:**    Responding to paragraph 30 of the Complaint, insofar as plaintiff's

averments in paragraph 30 state conclusions of law, no response thereto is required.  However, to

the extent an answer is required, Apple denies each and every averment contained in

paragraph 30.

31.    No other adequate remedy at law exists.

**ANSWER:**    Responding to paragraph 31 of the Complaint, insofar as plaintiff's

averments in paragraph 31 state conclusions of law, no response thereto is required.  However, to

the extent an answer is required, Apple denies each and every averment contained in

paragraph 31.

32.    The exact amount of income, revenue, and interest generated and retained by Defendants from Plaintiff's and the class' purchase of the iPhone, and the income, revenue, and interest that has and will be generated by Defendants from Plaintiff's and the class' payment of fees under the Defendants' iPhone battery replacement program cannot be presently known because all books of account and records pertaining to same are in the possession of Defendants.

**ANSWER:**    Responding to paragraph 32 of the Complaint, insofar as plaintiff's

averments in paragraph 32 state conclusions of law, no response thereto is required. However, to

the extent an answer is required, Apple denies that an accounting should be conducted

33.    Accordingly, an accounting would permit Plaintiffs, the class, and the Court to ascertain the amounts due to Plaintiffs and the class.

**ANSWER:**    Responding to paragraph 33 of the Complaint, insofar as plaintiff's

averments in paragraph 33 state conclusions of law, no response thereto is required. However, to

the extent an answer is required, Apple denies that an accounting should be conducted.

34.    An accounting should be conducted in equity under the supervision of this Court because it would involve intricate itemizations of income, prospective income, revenue and interest, prospective revenue and interest, and there is a need for discovery.

**ANSWER:**    Responding to paragraph 34 of the Complaint, insofar as plaintiff's

averments in paragraph 34 state conclusions of law, no response thereto is required. However, to

the extent an answer is required, Apple denies that an accounting should be conducted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A.    Certify the class and appoint Plaintiff and Plaintiff's counsel to represent the Class;

B.    Find that Defendants committed a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, fraudulent concealment, breach of contract, breach of implied warranty, and were unjustly enriched;

C.    Find that Defendants should account for all revenues improperly earned, as alleged herein;

D.    Find that Defendants pay actual, compensatory, and punitive damages for their conduct as alleged herein;

E.    Award reasonable attorneys' fees and costs; and

F.    Grant such other relief as this Court deems appropriate.

**ANSWER**:    Apple denies that plaintiff's purported class can be certified or that plaintiff or any member of the purported class suffered injury or damage, and further denies that plaintiff or any member of the purported class is entitled to relief of any kind.

## AFFIRMATIVE DEFENSES

As to affirmative defenses to the Complaint, Apple does not, by stating the matters set forth in these defenses, allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters, and does not assume the burden of proof or persuasion as to any matters as to which plaintiff has the burden of proof or persuasion.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to Notify of Breach of Warranty)

1.    As to those causes of action based upon a breach of warranty, plaintiff failed to notify Apple of any breach of warranty within a reasonable time after plaintiff knew or should have known of any purported breach.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

2.    The Complaint, and each of its purported causes of action, is barred, in whole or in part, by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3.    The Complaint, and each of its purported causes of action, is barred, in whole or in part, by the equitable doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Equitable Relief — Remedies)

4.    Plaintiff and the purported class are barred from asserting the claims for equitable relief alleged in the Complaint because they have adequate remedies at law and/or the equitable relief is neither necessary nor proper under applicable law.

### FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

5.    Plaintiff and the purported class have failed to mitigate their damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

### (Lack of Article III Standing)

6.    Apple alleges on information and belief that plaintiff and the members of the purported class lack standing under Article III of the Constitution of the United States.

### SEVENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim — All Causes of Action)

7.    The Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause, or causes, of action against Apple.

Apple reserves the right to assert other defenses as discovery progresses.

### PRAYER

WHEREFORE, Apple prays for judgment as follows:

1.    That plaintiff and the purported class take nothing by way of the Complaint;

2.    That the Complaint be dismissed with prejudice and judgment be entered in favor of Apple;

3.    That Apple be awarded its costs of suit; and

4.    For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Apple hereby demands a trial by jury on all issues upon which trial by jury may be had.

Dated: _____9/24/2007_____          Respectfully submitted,


APPLE INC.


                                                 /s/ Patrick T. Stanton
                                    By:_____

                                         One of Its Attorneys

Patrick T. Stanton (#6216899)
Edward S. Weil (#6194191)
Schwartz Cooper Chartered
180 North LaSalle Street, Suite 2700
Chicago, Illinois 60601
(312)346-1300
*and*
Penelope A. Preovolos
Andrew D. Muhlbach
Johanna W. Roberts
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Fax: (415) 268-7522