IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE TRUJILLO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE COMPUTER, INC., a California Corporation, and AT&T MOBILITY LLC, a Georgia Corporation,<br><br>Defendants. | No. 07 CV 04946<br><br>Judge Kennelly<br>Mag. Judge Ashman |

### DEFENDANT AT&T MOBILITY LLC'S AMENDED MOTION TO STAY ITS OBLIGATIONS UNDER THE COURT'S INITIAL STANDING ORDER PENDING RESOLUTION OF AT&T MOBILITY LLC'S SOON-TO-BE-FILED MOTION TO COMPEL ARBITRATION

Pursuant to Federal Rules of Civil Procedure 6(b) and 26(a) and (c), Defendant AT&T Mobility LLC ("ATTM") respectfully moves this Court for an order staying ATTM's obligations under the Court's initial standing order pending resolution of ATTM's soon-to-be-filed motion to compel arbitration.[1] In support of this motion, ATTM states as follows:

1. On July 26, 2007, plaintiff Jose Trujillo filed a putative class-action complaint against AT&T, Inc. and Apple Computer, Inc. ("Apple") in the Chancery Division of the County Department of the Circuit Court of Cook County, alleging that the manner in which the defendants marketed the iPhone violates an Illinois consumer protection statute and a variety of common-law doctrines.

---

[1] The undersigned counsel for ATTM certifies that ATTM complied with its obligation under Local Rule 37.2 to meet and confer by telephoning James R. Rowe, counsel for plaintiff, on October 4, 2007. Mr. Rowe was not willing to agree to the relief sought in this motion. *See* Affidavit of Sarah E. Reynolds attached as Exhibit 1.

2. On August 31, 2007, Apple timely filed a Notice of Removal to this Court.

3. On September 6, 2007, the plaintiff filed an Amended Complaint substituting ATTM as a defendant for AT&T, Inc.. On September 24, 2007, Apple filed its answer to the amended complaint. On September 27, 2007, the Court granted ATTM's motion for an extension of time to respond to the amended complaint by October 16, 2007.

4. The Court's initial standing order directs the parties to meet and confer about discovery by October 16, 2007, and to file any objections to the Rule 26(a) initial disclosures by October 23, 2007. A status hearing has also been scheduled for October 30, 2007.

5. On or before October 16, 2007, the date on which ATTM's response to the amended complaint is due, ATTM will file a motion to compel arbitration under the Federal Arbitration Act, 9 U.S.C. §§ 1–16. As that motion will explain, the plaintiff agreed to pursue any disputes with ATTM in arbitration or small claims court and therefore may not pursue a claim against ATTM in any court of general jurisdiction, including this one.

6. Under the ordinary schedule for briefing of motions, it is unlikely that this Court will resolve the motion to compel arbitration before mid-November 2007. Accordingly, in the absence of a stay, ATTM would be required to (i) meet and confer with plaintiff regarding discovery; (ii) respond to plaintiff's settlement demand (which undoubtedly will entail class-wide relief in contravention of plaintiff's contractual obligation to arbitrate his claim on an *individual* basis); (iii) make the initial disclosures required by Fed. R. Civ. P. 26(a)(1); and (iv) participate in a scheduling conference—all before the date on which the motion to compel arbitration is likely to be resolved.

7. Consistent with the purposes of the Federal Arbitration Act, the Court should stay ATTM's obligations to comply with the requirements of the Court's standing order pending

resolution of ATTM's motion to compel arbitration.  As the Seventh Circuit has observed, permitting "discovery on the merits" before "the issue of [the] arbitrability [of the dispute] is resolved puts the cart before the horse" because, "[i]f a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators." *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002); *see also Levin v. Ripple Twist Mills, Inc.*, 416 F. Supp. 876, 880 (E.D. Pa. 1976) ("In a motion to compel arbitration, no discovery into the underlying grievance is ordinarily permitted."), *appeal dismissed*, 549 F.2d 795 (3d Cir. 1977); *accord, e.g., Balfour, Guthrie & Co. v. Commercial Metals Co.*, 607 P.2d 856, 858 (Wash. 1980) ("'Discovery on the subject matter of the dispute to be arbitrated generally has been denied'" because "the arbitrators are the ones who should determine the nature and scope of the whole gamut of discovery.") (quoting 7 Moore et al., MOORE'S FEDERAL PRACTICE § 81.05(7), at 81–82 (2d ed. 1979)); *In re MHI P'ship, Ltd.*, 7 S.W.3d 918, 923 (Tex. Ct. App. 1999) ("Delaying a decision on the merits of arbitrability until *after* discovery substantially defeats the policy behind [the Texas Arbitration Act's] abbreviated procedure, and it violates [that Act's] mandate to decide the issues summarily.") (emphasis in original).

8. In addition to infringing upon the arbitrator's authority to manage discovery, requiring ATTM to make initial Rule 26(a) disclosures or otherwise to proceed with discovery on the merits would subject ATTM "to the very complexities, inconveniences, and expenses of litigation that [the parties] determined to avoid [by agreeing to arbitrate]." *Suarez-Valdez v. Shearson Lehman/Am. Express, Inc.*, 858 F.2d 648, 649–50 (11th Cir. 1988) (Tjoflat, J., concurring); *see also NBC, Inc. v. Bear Stearns & Co.*, 165 F.3d 184, 190–91 (2d Cir. 1999) ("The popularity of arbitration rests in considerable part" on characteristics "at odds with the broad-ranging discovery made possible by the Federal Rules of Civil Procedure.").

9. Under these principles, district courts routinely stay merits discovery while a motion to compel arbitration is pending. *See, e.g., Coneff v. AT&T Corp.*, 2007 WL 738612, at *2 (W.D. Wash. Mar. 9, 2007) (issuing protective order barring merits discovery pending the resolution of motion to compel arbitration); *Cunningham v. Van Ru Credit Corp.*, 2006 WL 2056576, at *2 (E.D. Mich. July 21, 2006) (staying merits discovery pending resolution of motion to compel arbitration); *Ornelas v. Sonic-Denver T, Inc.*, No. 06-cv-00253-PSF-MJW (D. Colo. Apr. 27, 2006) (attached) (granting stay because pending motion to compel arbitration "appears to have been filed in good faith and presents a substantial issue as to whether arbitration should be compelled"); *Ross v. Bank of Am.*, 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006) (same); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004) (same, and noting that stay advances "the interests of judicial economy" without prejudicing plaintiffs).

10. The same considerations dictate staying ATTM's other obligations under the Court's standing order. In particular, the requirements to respond to a settlement demand and to attend a scheduling conference both would be mooted if this Court were to grant the motion to compel arbitration. ATTM accordingly should not be forced to sacrifice some of the benefits of arbitration by expending time and resources on complying with court-ordered obligations that may well turn out to be unnecessary.

WHEREFORE, ATTM respectfully moves this Court to stay ATTM's obligations under the Court's initial standing order pending resolution of ATTM's soon-to-be-filed motion to compel arbitration.

Dated: October 4, 2007                  Respectfully submitted,

/s Sarah E. Reynolds

Victoria Collado (#6204015)
Sarah E. Reynolds (#6287186)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 263-7711

*Attorneys for Defendant AT&T Mobility LLC*

## CERTIFICATE OF SERVICE

I, Sarah E. Reynolds, an attorney, hereby certify that a true and correct copy of **Defendant AT&T Mobility LLC's Amended Motion to Stay Its Obligations under the Court's Initial Standing Order Pending Resolution of AT&T Mobility LLC's Soon-to-be Filed Motion to Compel Arbitration** was served on the following counsel of record via electronic delivery on October 4, 2007.

Larry D. Drury
James Rowe
LARRY D. DRURY, LTD.
205 West Randolph, #1403
Chicago, IL 60603
(312) 346-7950

Patrick T. Stanton
Edward S. Weil
SCHWARTZ COOPER CHARTERED
180 North LaSalle Street, Suite 2700
Chicago, Illinois 60601

Penelope A. Preovolos
Andrew D. Muhlbach
Johanna W. Roberts
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105

Respectfully submitted,

/s/Sarah E. Reynolds

Dated: October 4, 2007

*Attorney for Defendant AT&T Mobility LLC*