

**QUESTION:**
What if I am unsatisfied with the resolution AT&T offers me for a problem I am experiencing?
**ANSWER:**

AT&T Mobility ("AT&T") (formerly Cingular Wireless) is committed to resolving all disputes in a fair, effective, and cost-efficient manner. Accordingly, every customer's Service Agreement provides for disputes to be resolved in binding arbitration or Small Claims Court. AT&T's arbitration provision, which is set forth verbatim below, has been designed to make arbitration as convenient and inexpensive for our customers as possible. Among other things, it specifies that AT&T will bear all of the costs of arbitration (unless an arbitrator determines that a customer's claims are frivolous), and that, under certain circumstances (explained in the arbitration provision), AT&T will pay a premium to you and your attorney if you receive an arbitration award greater than the value of AT&T's settlement offer. This right to attorney's fees supplements any right that you may have under applicable law (as explained in the provision).

As part of AT&T's commitment to the fair, effective, and cost-efficient resolution of all disputes, AT&T has made its current arbitration provision available to all current and former customers – including customers who were customers of Cingular Wireless, the former AT&T Wireless, BellSouth Mobility, Ameritech Mobile, Pacific Bell Wireless, SBMS, SNET Mobility, and SBC Wireless. AT&T will abide by the terms of its current arbitration provision in all instances. In particular, in those rare occasions when AT&T may have a claim against a current or former customer, AT&T will arbitrate that claim or bring it in small claims court, even if a predecessor company's arbitration provision entitles AT&T to pursue such claims in any court that has jurisdiction. Customers whose contracts include arbitration provisions that differ from this current arbitration provision may, of course, arbitrate pursuant to the terms of those contracts if they prefer to do so. Similarly, it you are a former customer whose contract did not include an arbitration provision, you may arbitrate any dispute you may have under the current arbitration provision.

**DISPUTE RESOLUTION BY BINDING ARBITRATION**

**Please read this carefully. It affects your rights.**

**Summary:**

Most customer concerns can be resolved quickly and to the customer's satisfaction by calling our customer service department at 800-331-0500.  **In the unlikely event that AT&T's customer service department is unable to resolve a complaint you may have to your satisfaction (or if AT&T has not been able to resolve a dispute it has with you after attempting to do so informally), we each agree to resolve those disputes through binding arbitration or small claims court instead of in courts of general jurisdiction**. Arbitration is more informal than a lawsuit in court. Arbitration uses a neutral arbitrator instead of a judge or jury, allows for more limited discovery than in court, and is subject to very limited review by courts. Arbitrators can award the same damages and relief that a court can award. **Any arbitration under this Agreement will take place on an individual basis; class arbitrations and class actions are not permitted.** AT&T will pay all costs of arbitration, no matter who wins, so long as your claim is not frivolous. Moreover, in arbitration you are entitled to recover attorneys' fees from AT&T to at least the same extent as you would be in court. In addition, under certain circumstances (as explained below), AT&T will pay you and your attorney a special premium if the arbitrator awards you an amount that is greater than what AT&T has offered you to settle the dispute.

**Arbitration Agreement:**

(1) AT&T and you agree to arbitrate **all disputes and claims** between us. This agreement to arbitrate is intended to be broadly interpreted. It includes, but is not limited to:

claims arising out of or relating to any aspect of the relationship between us, whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory; claims that arose before this or any prior Agreement (including, but not limited to, claims relating to advertising); claims that are currently the subject of purported class action litigation in which you are not a member of a certified class; and claims that may arise after the termination of this Agreement. References to "AT&T," "you," and "us" include our respective subsidiaries, affiliates, agents, employees, predecessors in interest, successors and assigns, as well as all authorized or unauthorized users or beneficiaries of services or equipment under this or prior Agreements between us.

Notwithstanding the foregoing, either party may bring an individual action in small claims court. **You agree that, by entering into this Agreement, you and AT&T are each waiving the right to a trial by jury or to participate in a class action.** This Agreement evidences a transaction in interstate commerce, and thus the Federal Arbitration Act governs the interpretation and enforcement of this provision. This arbitration provision shall survive termination of this Agreement.

(2) A party who intends to seek arbitration must first send to the other, by certified mail, a written Notice of Dispute ("Notice"). The Notice to AT&T should be addressed to: General Counsel, AT&T Mobility LLC, 5565 Glenridge Connector, 20th Floor, Atlanta, GA 30342 ("Notice Address"). The Notice must (a) describe the nature and basis of the claim or dispute; and (b) set forth the specific relief sought ("Demand"). If AT&T and you do not reach an agreement to resolve the claim within 30 days after the Notice is received, you or AT&T may commence an arbitration proceeding. During the arbitration, the amount of any settlement offer made by AT&T or you shall not be

What if I am unsatisfied with the resolution AT&T offers me for a problem I am experiencing? Page 2 of 2

Case 1:07-cv-04946    Document 40-6    Filed 10/16/2007    Page 2 of 2

disclosed to the arbitrator until after the arbitrator determines the amount, if any, to which you or AT&T is entitled.

You may download or copy a form Notice and a form to initiate arbitration from here:   http://www.wireless.att.com/arbitration-forms.

(3) After AT&T receives notice at the Notice Address that you have commenced arbitration, it will promptly reimburse you for your payment of the filing fee. (The filing fee currently is $125 for claims under $10,000, but is subject to change by the arbitration provider. If you are unable to pay this fee, AT&T will pay it directly upon receiving a written request at the Notice Address.) The arbitration will be governed by the Commercial Dispute Resolution Procedures and the Supplementary Procedures for Consumer Related Disputes (collectively, "AAA Rules") of the American Arbitration Association ("AAA"), as modified by this Agreement, and will be administered by the AAA. The AAA Rules are available online at www.adr.org, by calling the AAA at 1-800-778-7879, or by writing to the Notice Address. (You may obtain information that is designed for non-lawyers, about the arbitration process at http://www.wireless.att.com/arbitration-information).  All issues are for the arbitrator to decide, including the scope of this arbitration provision, but the arbitrator is bound by the terms of this Agreement. Unless AT&T and you agree otherwise, any arbitration hearings will take place in the county (or parish) of your billing address. If your claim is for $10,000 or less, we agree that you may choose whether the arbitration will be conducted solely on the basis of documents submitted to the arbitrator, through a telephonic hearing, or by an in-person hearing as established by the AAA Rules. If your claim exceeds $10,000, the right to a hearing will be determined by the AAA Rules. Except as otherwise provided for herein, AT&T will pay all AAA filing, administration and arbitrator fees for any arbitration initiated in accordance with the notice requirements above. If, however, the arbitrator finds that either the substance of your claim or the relief sought in the Demand is frivolous or brought for an improper purpose (as measured by the standards set forth in Federal Rule of Civil Procedure 11(b)), then the payment of all such fees will be governed by the AAA Rules. In such case, you agree to reimburse AT&T for all monies previously disbursed by it that are otherwise your obligation to pay under the AAA Rules.

(4) If, after finding in your favor in any respect on the merits of your claim, the arbitrator issues you an award that is:

- equal to or less than the greater of (a) $5,000 or (b) the maximum claim that may be brought in small claims court in the county of your billing address; and greater than the value of AT&T's last written settlement offer made before an arbitrator was selected:

then AT&T will:

- pay you the greater of (a) $5,000 or (b) the maximum claim that may be brought in small claims court in the county of your billing address ("the premium") instead of the arbitrator's award; and
- pay your attorney, if any, twice the amount of attorneys' fees, and reimburse any expenses, that your attorney reasonably accrues for investigating, preparing, and pursuing your claim in arbitration ("the attorney premium").

If AT&T did not make a written offer to settle the dispute before an arbitrator was selected, you and your attorney will be entitled to receive the premium and the attorney premium, respectively, if the arbitrator awards you any relief on the merits. The arbitrator may make rulings and resolve disputes as to the payment and reimbursement of fees, expenses, and the premium and the attorney premium at any time during the proceeding and upon request from either party made within 14 days of the arbitrator's ruling on the merits.

(5) The right to attorneys' fees and expenses discussed in paragraph (4) supplements any right to attorneys' fees and expenses you may have under applicable law. Thus, if you would be entitled to a larger amount under the applicable law, this provision does not preclude the arbitrator from awarding you that amount. However, you may not recover duplicative awards of attorneys' fees or costs. Although under some laws AT&T may have a right to an award of attorneys' fees and expenses if it prevails in an arbitration, AT&T agrees that it will not seek such an award.

(6) The arbitrator may award injunctive relief only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by that party's individual claim. YOU **AND AT&T AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN YOUR OR ITS INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING.** Further, unless both you and AT&T agree otherwise, the arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of a representative or class proceeding. If this specific proviso is found to be unenforceable, then the entirety of this arbitration provision shall be null and void.

(7) Notwithstanding any provision in this Agreement to the contrary, we agree that if AT&T makes any change to this arbitration provision (other than a change to the Notice Address) during your Service Commitment, you may reject any such change and require AT&T to adhere to the language in this provision if a dispute between us arises.

*If you are viewing information on devices or services, please note: content reflects instructions for devices and services purchased from AT&T. Some differences may exist for devices not purchased from AT&T.*