# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JOSE TRUJILLO, individually and on behalf of all
others similarly situated,

        Plaintiff,

        v.

APPLE COMPUTER, INC., a California
corporation, and AT&T MOBILITY LLC, a
Georgia corporation,
        Defendants.

CASE NO.: 07-CV-04946

Judge Kennelly

## DEFENDANT APPLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Dockets.Justia.com

# TABLE OF CONTENTS

|  |  |  | Page |
|---|---|---|---|
| TABLE OF AUTHORITIES | | | iii |
| I. | INTRODUCTION | | 1 |
| II. | SUMMARY OF PLAINTIFF'S CLAIMS | | 1 |
| III. | STATEMENT OF FACTS | | 2 |
|  | A. | The Apple iPhone | 2 |
|  | B. | Apple's Disclosures | 2 |
|  |  | 1. Apple Disclosed that the iPhone Battery Is Not User-Replaceable. | 2 |
|  |  | 2. Apple Disclosed the Lifespan of the iPhone Battery | 3 |
|  |  | 3. Apple Disclosed the Cost of the Battery Replacement Program | 4 |
|  |  | 4. Apple Disclosed the Other Details of the BRP | 4 |
|  | C. | The iPhone Warranty | 5 |
| IV. | ARGUMENT | | 5 |
|  | A. | The Summary Judgment Standard | 5 |
|  | B. | Plaintiff Cannot Satisfy the Required Elements of the Illinois Consumer Fraud Act. | 6 |
|  |  | 1. Apple's Disclosures Preclude Any Finding of Deceptive Act. | 6 |
|  |  | 2. Apple's Disclosures Negate Any Finding of Intent | 8 |
|  |  | 3. Plaintiff Has Not Suffered Any Actual Damages | 8 |
|  |  | 4. Plaintiff Cannot Demonstrate Proximate Causation | 9 |
|  | C. | Plaintiff Cannot Establish the Required Elements for Fraudulent Concealment. | 9 |
|  | D. | Plaintiff Has No Cause of Action for Breach of Implied Warranties. | 10 |

1.    Plaintiff's Failure to Provide Notice to Apple Is Fatal to Any Claim for Breach of Implied Warranty...........................11

2.    Plaintiff Cannot Establish that His iPhone Was Not Merchantable at the Time of Sale.......................................................11

3.    Plaintiff Cannot Satisfy the "Particular Purpose" Requirements. ....................................................................12

4.    Plaintiff Cannot Satisfy the Damages Requirement ............................12

E.    Plaintiff Has No Claim for Breach of Contract. ...............................................13

F.    Plaintiff Has No Basis for an Unjust Enrichment Claim.................................14

G.    Plaintiff Has No Basis for Accounting. ...........................................................14

V.    CONCLUSION ............................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Avery v. State Farm Mut. Ins. Co.*,
  216 Ill. 2d 100, 835 N.E.2d 801 (Ill. 2005) ........................................................8, 9

*Belfour v. Shaumberg Auto,*
  306 Ill. App. 3d 234, 713 N.E.2d 1233 (Ill. App. Ct. 1999)....................................13

*Bimex Corp. v. Elite Plastic Servs.*,
  200 Ill. App. 3d 589, 558 N.E.2d 299 (Ill. App. Ct. 1990).......................................12

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) .................................................................................5, 14

*Charles Hester Enters., Inc. v. Illinois Founders Ins. Co.*,
  137 Ill. App. 3d 84, 484 N.E.2d 349 (Ill. App. Ct. 1985)............................7, 10, 14

*Cole-Haddon, Ltd. v. The Drew Philips Corp.*,
  454 F. Supp. 2d 772 (N.D. Ill. 2006)......................................................................15

*Connick v. Suzuki Motor Co.*,
  174 Ill. 2d 482, 675 N.E.2d 584 (Ill. 1996) ...................................................10, 11

*Davis v. G.N. Mortgage Co.*,
  396 F.3d 869 (7th Cir. 2005) ............................................................................7, 10

*Green v. Trinity Int'l Univ.*,
  344 Ill. App. 3d 1079, 801 N.E.2d 1208 (Ill. App. Ct. 2003)...................................13

*Haddix v. Playtex Family Prods. Corp.*,
  964 F. Supp. 1242 (C.D. Ill. 1997) .........................................................................12

*In re McDonalds French Fries Litig.*,
  503 F. Supp. 2d 953 (N.D. Ill. 2007).......................................................................12

*Industrial Hard Chrome, Ltd. v. Hetran, Inc.*,
  64 F. Supp. 2d 741 (N.D. Ill. 1999).........................................................................11

*Jensen v. Bayer AG*,
  371 Ill. App. 3d 682, 862 N.E.2d 1091 (Ill. App. Ct. 2007)..................................8, 9

*Kaczmarek v. Microsoft Corp.,*
    39 F. Supp. 2d 974 (N.D. Ill. 1999) .................................................................................. 12

*Kelly v. Sears Roebuck & Co.,*
    308 Ill. App. 3d 633, 720 N.E.2d 683 (Ill. App. Ct. 1999) .................................. 8, 10

*Krause v. GE Capital Mortgage Servs., Inc.,*
    314 Ill. App. 3d 376, 731 N.E.2d 302 (Ill. App. Ct. 2000) .................................... 7, 8

*Lagen v. Balcor Co.,*
    274 Ill. App. 3d 11, 653 N.E.2d 968 (Ill. App. Ct. 1995) ............................................ 7

*Lefebvre Intergraphics, Inc. v. Sanden Mach. Ltd.,*
    946 F. Supp. 1358 (N.D. Ill. 1996) ................................................................................ 10

*Miller v. William Chevrolet,*
    326 Ill. App. 3d 642, 762 N.E.2d 1 (Ill. App. Ct. 2001) .................................... 10, 15

*Munch v. Sears Roebuck & Co.,*
    No. 06-C-7023, 2007 U.S. Dist. LEXIS 62897 (N.D. Ill. Aug. 27, 2007) .............. 14

*Newton v. Aitken,*
    260 Ill. App. 3d 717, 633 N.E.2d 213 (Ill. App. Ct. 1994) ...................................... 15

*Norman v. Ford Motor Co.,*
    160 Ill. App. 3d 1037, 513 N.E.2d 1053 (Ill. App. Ct. 1987) .................................. 13

*Oliveira v. Amoco Oil Co.,*
    201 Ill. 2d 134, 776 N.E.2d 151 (Ill. 2002) .................................................................. 6

*Perona v. Volkswagen of Am., Inc.,*
    292 Ill. App. 3d 59, 684 N.E.2d 859 (Ill. App. Ct. 1997) ............................ 6, 7, 9, 11

*Priebe v. Autobarn, Ltd.,*
    240 F.3d 584 (7th Cir. 2001) ............................................................................................ 9

*Robinson v. Toyota Motor Credit Corp.,*
    201 Ill. 2d 403, 775 N.E.2d 951 (Ill. 2002) .............................................................. 7, 8

*Rockford Mem. Hosp. v. Havrilesko,*
    368 Ill. App. 3d 115, 858 N.E.2d 56 (Ill. App. Ct. 2006) .......................................... 7

*Sampler v. City Chevrolet Buick Geo,*
    10 F. Supp. 2d 934 (N.D. Ill. 1998) .............................................................................. 13

*TAS Distrib. Co. v. Cummins Engine Co.,*
    491 F.3d 625 (7th Cir. 2007) .......................................................................................... 14

*Tudor v. Jewel Food Stores, Inc.,*
    288 Ill. App. 3d 207, 681 N.E.2d 6 (Ill. App. Ct. 1997)..............................................8

*Valenti v. Mitsubishi Motor Sales of Am., Inc.,*
    332 Ill. App. 3d 969, 773 N.E.2d 1199 (Ill. App. Ct. 2002)....................................12

*Verb v. Motorola, Inc.,*
    284 Ill. App. 3d 460, 672 N.E.2d 1287 (Ill. App. Ct. 1996)..............................8, 12

*Vill. of S. Elgin v. Waste Mgmt. of Ill., Inc.,*
    348 Ill. App. 3d 929, 810 N.E.2d 658 (Ill. App. Ct. 2004)......................................13

*Yu v. Int'l Bus. Mach., Inc.,*
    314 Ill. App. 3d 892, 732 N.E.2d 1173 (Ill. App. Ct. 2000)..............................8, 13

*Zekman v. Direct Am. Marketers,*
    182 Ill. 2d 359, 695 N.E.2d 853 (Ill. 1998) ............................................................9

## STATUTES AND RULES

Fed. R. Civ. P.
    56 ..............................................................................................................................5

810 Ill. Comp. Stat 5/2-314 (2007)....................................................................10, 11

810 Ill. Comp. Stat 5/2-315 (2007)....................................................................11, 12

810 Ill. Comp. Stat 5/2-316 (2007)..........................................................................13

810 Ill. Comp. Stat 5/2-607(3)(a) (2007). ...............................................................11

815 Ill. Comp. Stat 505/2(2007)............................................................................6, 8

815 Ill. Comp. Stat 505/10a(a) (2007)..................................................................8, 9

## I.    INTRODUCTION

Plaintiff Jose Trujillo's case is premised entirely on the theory that Defendant Apple Inc. ("Apple") failed to disclose that the iPhone battery was not user-replaceable and that the battery had a limited lifespan. Plaintiff further alleges that Apple failed to disclose the costs and details of Apple's Battery Replacement Program. Apple brings this early summary judgment motion because plaintiff is simply wrong about these fundamental facts. There can be no genuine dispute that Apple disclosed this information in numerous places and that these disclosures were available to plaintiff and any potential purchaser from the day the iPhone first went on sale. Because Apple made full disclosure of this information, each of plaintiff's claims is without merit. Moreover, plaintiff cannot establish the actual damages required for each of his claims.

## II.    SUMMARY OF PLAINTIFF'S CLAIMS

Plaintiff asserts six causes of action: statutory consumer fraud under the Illinois Consumer Fraud and Deceptive Business Practices Act ("CFA"), fraudulent concealment, breach of implied warranties, breach of contract, unjust enrichment, and accounting. Each of these claims is based on the same list of alleged facts that Apple purportedly failed to disclose:

1.    The iPhone battery is not user-replaceable and must be returned to an Apple service provider for replacement.

2.    The iPhone battery has a limited lifespan of approximately 300 charges.

3.    The cost of Apple's Battery Replacement Program ("BRP") for the iPhone is $85.95.

4.    A repair under the BRP takes approximately three days and clears data from the iPhone.

5.    The cost of a service iPhone to use during the repair is $29.

(*See* Compl. ¶¶ 12-16; Counts I and II ¶ 30; Count III ¶ 32; Count IV ¶ 34; Count V ¶ 31.)

As will be demonstrated herein, Apple disclosed all of this allegedly concealed information regarding the iPhone battery's user-replaceability, its lifespan, and the costs and details of the BRP.

## III.     STATEMENT OF FACTS

### A.     The Apple iPhone

The iPhone combines three products into one handheld device — a mobile phone, an iPod music player, and an Internet communications device with email, web browsing, searching, and maps.  The iPhone first went on sale in the United States on June 29, 2007.  (Apple's Rule 56.1 Statement of Undisputed Material Facts ("UF") 5.)  It was sold at Apple retail stores, at AT&T retail stores, and through the Apple online store.  Plaintiff purchased his iPhone on July 5, 2007.  Plaintiff alleges that he purchased his iPhone at an Apple retail store in Illinois.  (Compl. ¶ 8.)

### B.     Apple's Disclosures

Apple provided comprehensive battery disclosures regarding each of the supposedly concealed facts.  The iPhone box itself discloses the fundamental facts that the battery will not last forever and may eventually need to be replaced by an Apple service provider.  The box also directs consumers to the extensive battery disclosures on Apple's website.  Those disclosures include each fact allegedly concealed.

#### 1.     Apple Disclosed that the iPhone Battery Is Not User-Replaceable.

Each and every iPhone box bears a feature label affixed to the outside of the box.  (UF 6.)  That feature label unambiguously discloses:

> Battery has limited recharge cycles and may eventually need to be replaced by Apple service provider.  Battery life and charge cycles vary by use and settings.  See www.apple.com/batteries. (UF 7-8.)

This disclosure negates plaintiff's claim that Apple failed to disclose that the iPhone battery cannot be changed by consumers and must be replaced by a third-party service provider.

In addition, the iPhone Important Product Information Guide — posted on Apple's website and included in-box with each iPhone — reiterates that the user cannot replace the iPhone battery:

> Never attempt to repair or modify iPhone yourself.  iPhone does not contain any user-serviceable parts, except for the SIM card and SIM tray . . .  The rechargeable battery in iPhone should be replaced only by an Apple Authorized Service Provider.  For more information about batteries, go to www.apple.com/batteries.  (UF 9-13.)

The iPhone User's Guide, posted on Apple's website, contains this same language as well as the following statement:

> The iPhone battery is not user replaceable; it can only be replaced by an authorized service provider. For more information, go to: www.apple.com/batteries. (UF 14-16.)

Both the Important Product Information Guide and the User's Guide were available to plaintiff and any potential iPhone purchasers on Apple's website from the date the iPhone went on sale. (UF 13, 17-18.)

## 2.    Apple Disclosed the Lifespan of the iPhone Battery.

The iPhone box itself makes clear that the battery has "limited recharge cycles" and that the number of charge cycles depends on the product's use and settings, and it refers consumers to www.apple.com/batteries for more information on this issue. (UF 6-8.)  This webpage includes explicit information about the charge cycles and limited lifespan for all rechargeable lithium-ion batteries, including those used for the iPhone.  It states:

> You can charge all lithium-ion batteries a large but finite number of times, as defined by charge cycle.
>
> A charge cycle means using all of the battery's power, but that doesn't necessarily mean a single charge.  For instance, you could listen to your iPod for a few hours one day, using half its power, and then recharge it fully.  If you did the same thing the next day, it would count as one charge cycle, not two, so you may take several days to complete a cycle. Each time you complete a charge cycle, it diminishes battery capacity slightly, but you can put notebook, iPod and iPhone batteries through many charge cycles before they will hold only 80% of original battery capacity.
>
> **Battery Lifespan** means the total amount of time your battery will last before it must be replaced. (UF 21-22.)

In addition, Apple has a webpage specifically about the iPhone battery, www.apple.com/batteries/iphone.html, which provides information regarding the charge cycles and lifespan of the iPhone battery:

> **Charge Cycles**:  A properly maintained iPhone battery is designed to retain up to 80% of its original capacity at 400 full charge and discharge cycles.  You may choose to replace your battery when it no longer holds sufficient charge to meet your needs.  (UF 23-24.)

Both of these webpages have been available to plaintiff and any potential iPhone purchasers on Apple's website from the date the iPhone went on sale.  (UF 19, 20, 22-25.)

Information regarding the iPhone battery's lifespan was available well before the iPhone went on sale. Technical specifications for the iPhone posted on June 19, 2007, and available online since that date, state:

> Rechargeable batteries have a limited number of charge cycles and may eventually need to be replaced. See www.apple.com/batteries for more information. (UF 35-38.)

In addition, technical specifications for the iPhone were posted on Apple's website on January 9, 2007, and contained the same disclosure. (UF 31-34.)

### 3.    Apple Disclosed the Cost of the Battery Replacement Program.

Apple's battery website contains the following clear disclosure of the costs of the BRP:

> **iPhone Owners.** Your one-year warranty includes replacement coverage for a defective battery. You can extend your coverage to two years from the date of your iPhone purchase with the AppleCare Protection Plan for iPhone. During the plan's coverage period, Apple will replace the battery if it drops below 50% of its original capacity. If it is out of warranty, Apple offers a battery replacement for $79, plus $6.95 shipping, subject to local tax. (UF 29-30.)

Apple's iPhone support pages also provide the allegedly concealed BRP cost in response to "Frequently Asked Questions" about the "iPhone Out-of-Warranty Battery Replacement Program":

> **What is the iPhone Battery Replacement Program?**
>
> If your iPhone requires service only because the battery's ability to hold an electrical charge has diminished, Apple will repair your iPhone for a service fee of $79, plus $6.95 shipping . . . .
>
> **How much does it cost to participate in the program?**
>
> The program costs $79, plus $6.95 shipping. The program cost is $85.95 per unit. (UF 39-40.)

These webpages have been available to plaintiff and any potential iPhone purchasers on Apple's website from the date the iPhone went on sale. (UF 28-30, 37-40.)

### 4.    Apple Disclosed the Other Details of the BRP.

Contrary to plaintiff's allegations, Apple also disclosed that iPhones serviced under the BRP will be cleared of data, that the repair takes three business days, and that a service phone is available for a fee of $29. (UF 39-42.)

Apple's iPhone support pages provide this information in response to "Frequently Asked Questions" regarding the BRP:

**Will the data on my iPhone be preserved?**

No, the repair process will clear all data from your iPhone. It is important to sync your iPhone with iTunes to back up your contacts, photos, email account settings, text messages, and more.

**How long will service take?**

The repair process normally takes three business days. See the iPhone Service FAQ for information about getting an AppleCare Service Phone for you to use with all of your data while your iPhone is being repaired. (UF 38-39.)

Although minor wording changes have been made, at all times since it was originally uploaded the iPhone Service FAQ has disclosed the availability of AppleCare Service Phones for rental while a customer's unit was being repaired and the fact that the rental phone would cost $29. (UF 41-43.) At the time plaintiff purchased his iPhone, the iPhone Service FAQ stated:

**If I need to have my iPhone repaired, will I be able to borrow an iPhone to use?**

Apple can provide an AppleCare Service Phone for you to use with all of your data while your iPhone is being repaired. The service fee for the AppleCare Service Phone is $29. For more details, please review the iPhone Rental Terms and Conditions. (UF 42).

These webpages have been available to plaintiff and any potential iPhone purchasers on Apple's website from the date the iPhone went on sale. (UF 38-43.)

### C.    The iPhone Warranty

Each iPhone comes with Apple's One-Year Limited Warranty. (UF 44.) Apple will replace the iPhone battery under warranty if it drops below 50% of its original capacity in the first year of purchase. (UF 46.) Plaintiff has not sought any battery-related repair for his iPhone from Apple. (UF 48.)

## IV.    ARGUMENT

### A.    The Summary Judgment Standard

Summary judgment is appropriate where the moving party is entitled to judgment as a matter of law because the pleadings and supplemental materials present no genuine issue as to any material fact. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where the nonmoving party cannot support an element of its claims, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. A principal purpose of the summary judgment rule is to isolate and dispose of factually unsupported claims. *Id.*

Plaintiff is unable to satisfy the required elements of his claims. There can be no genuine dispute of material fact as to the existence or content of Apple's disclosures. Those disclosures negate the findings of concealment, intent, reliance, or causation necessary for a cause of action under the Illinois Consumer Fraud Act or common-law fraudulent concealment. In addition, Apple has breached no warranties, and plaintiff did not provide the mandatory notice. Finally, plaintiff is unable to establish the actual damages required for each of his claims. Each of these failures on plaintiff's part is an independent ground for granting summary judgment. Plaintiff's attempt to pursue his baseless claims should end here.

**B.**     **Plaintiff Cannot Satisfy the Required Elements of the Illinois Consumer Fraud Act.**

The CFA prohibits the "concealment, suppression or omission of any material fact, with intent that others rely upon the concealment . . . in the conduct of any trade or commerce." 815 Ill. Comp. Stat. 505/2 (2007). A claim under the CFA requires specific facts that show (1) a deceptive act or unfair practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) the deception occurred in the course of conduct involving trade or commerce; and (4) actual damage to the plaintiff (5) proximately caused by the deception. *See Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 149, 776 N.E.2d 151, 160 (Ill. 2002); *Perona v. Volkswagen of Am., Inc.*, 292 Ill. App. 3d 59, 65, 684 N.E.2d 859 (Ill. App. Ct. 1997).

Plaintiff has not alleged and cannot allege deceptive conduct under the CFA. The facts tell a clear and simple story that flatly contradicts plaintiff's Complaint. There can be no genuine issue of material fact as to Apple's disclosure of the very facts which plaintiff claims Apple concealed. This disclosure fatally undercuts the essential elements of plaintiff's CFA claim — a deceptive act, intent, damages, and proximate cause. Each of these failures is a separate and independent ground for grant of summary judgment.

**1.**     **Apple's Disclosures Preclude Any Finding of Deceptive Act.**

In order to state a claim under the CFA, a plaintiff must first plead facts demonstrating a deceptive act by the defendant. 815 Ill. Comp. Stat. 505/2; *Perona*, 292 Ill. App. 3d at 65; 684 N.E.2d at 864. While a material omission may constitute a deceptive act, when, as here, a defendant has disclosed the information allegedly omitted, there is no deception. *Id.*[1]

---

[1] Apple does not agree that any of the allegedly concealed facts were material. However, the Court need not reach this issue for purposes of summary judgment.

There can be no CFA claim when the defendant "did not conceal, suppress, or hide any material facts." *Krause v. GE Capital Mortgage Servs., Inc.*, 314 Ill. App. 3d 376, 388, 731 N.E.2d 302, 311-12 (Ill. App. Ct. 2000) (granting summary judgment to defendant on CFA claim alleging hidden quote and fax fees because "the undisputed evidence in the record established that defendant disclosed to plaintiffs the fees at issue before plaintiffs chose the additional services provided"); *see also Perona*, 292 Ill. App. 3d at 68, 684 N.E.2d at 866 (dismissing the CFA claims of Audi purchasers who bought cars *after* Audi sent a press release disclosing the allegedly concealed issue, because they could not establish a deceptive act); *Davis v. G.N. Mortgage Co.*, 396 F.3d 869, 884 (7th Cir. 2005) (explaining that CFA claim must be analyzed in light of totality of information made available to plaintiff, and affirming summary judgment to defendant because allegedly concealed information was disclosed in a number of ways); *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 420, 775 N.E.2d 951, 962 (Ill. 2002) (defendant's alleged failure to disclose excess mileage and other charges was not deceptive when charges were disclosed at inception of lease); *Lagen v. Balcor Co.*, 274 Ill. App. 3d 11, 23, 653 N.E.2d 968, 976 (Ill. App. Ct. 1995) (no basis for CFA claim for failure to disclose when risks were disclosed); *Charles Hester Enters., Inc. v. Illinois Founders Ins. Co.*, 137 Ill. App. 3d 84, 99, 484 N.E.2d 349, 360 (Ill. App. Ct. 1985) (no basis for CFA claim where information allegedly not disclosed was readily available and not withheld by defendant).

As set forth in detail above in the Statement of Facts, Apple disclosed all the information on plaintiff's list of alleged omissions:  that the battery is not user-replaceable, that the battery has a limited lifespan, and the costs and details of the BRP.  There is no genuine issue of material fact regarding Apple's disclosures.  Each and every iPhone box stated that the battery was not user-replaceable, that it had limited recharge cycles, and that battery replacement must be done by an Apple service provider.  (UF 6-8.)  This information, as well as information regarding the cost and details of the BRP, was extensively disclosed on Apple's website.  (UF 19-43.)  These disclosures preclude plaintiff from establishing any deceptive omission.  Therefore, summary judgment should be granted to Apple on the CFA claim.[2]

---

[2] Under the CFA, an unfair practice may be actionable if it offends public policy, is so oppressive as to leave the consumer with little alternative except to submit to it, or it causes substantial consumer injury. *See Robinson*, 201 Ill. 2d at 418, 775 N.E.2d at 961.  However, concealment cases are analyzed under the deceptive act prong, rather than the unfair practice prong of the CFA.  *See Rockford Mem. Hosp. v. Havrilesko,* 368 Ill. App. 3d 115, 121, 858 N.E.2d 56, 61 (Ill. App. Ct. 2006).  In any event, plaintiff cannot establish unfairness when the allegedly concealed facts were disclosed.  *See Robinson,* 201 Ill.

### 2.    Apple's Disclosures Negate Any Finding of Intent.

A plaintiff claiming under the CFA must also demonstrate the defendant's intent that plaintiff rely on the deceptive act. 815 Ill. Comp. Stat. 505/2; *Jensen v. Bayer AG*, 371 Ill. App. 3d 682, 689, 862 N.E.2d 1091, 1098 (Ill. App. Ct. 2007) ("Moreover, a plaintiff must establish that defendants intended that [plaintiff] rely on the [concealment] in making the[] choice to buy."). Apple's clear and indisputable disclosures of all the facts at issue in multiple places, including on the iPhone box, on its website, and in the User's Guide and Important Product Information Guide, render absurd any notion that Apple intended plaintiff to rely on the alleged concealment of these same facts in deciding to purchase an iPhone. Rather, Apple's conspicuous disclosures indicate Apple's intent to inform potential consumers. Therefore, plaintiff will not be able to establish the necessary intent requirement under the CFA, and summary judgment is proper on this basis as well. *See id.* (explaining that disclosure of allegedly concealed information bars a finding of intent to conceal); *Krause*, 314 Ill. App. 3d at 388, 731 N.E.2d at 311 (explaining that when facts have been disclosed, there can be no evidence of any intent to deceive or any intent to have plaintiff rely on some undisclosed fact); *Tudor,* 288 Ill. App. 3d at 210, 681 N.E.2d at 8.

### 3.    Plaintiff Has Not Suffered Any Actual Damages.

A private person who brings an action under the Act must suffer actual damages. 815 Ill. Comp. Stat. 505/10a(a) (2007); *Avery v. State Farm Mut. Ins. Co.*, 216 Ill. 2d 100, 195, 835 N.E.2d 801, 858 (Ill. 2005). Plaintiff must establish *actual* damages, not hypothetical or speculative damages based on a possible future injury. *Kelly v. Sears Roebuck & Co.*, 308 Ill. App. 3d 633, 644, 720 N.E.2d 683, 692 (Ill. App. Ct. 1999).

Where, as here, the plaintiff has not incurred any of the allegedly concealed costs and no allegedly concealed battery issue has manifested itself, a CFA claim must be dismissed for failure to satisfy the "actual damages" requirement. *See Verb v. Motorola, Inc.,* 284 Ill. App. 3d 460, 472, 672 N.E.2d 1287, 1295 (Ill. App. Ct. 1996) (holding that, in a putative class action alleging failure to warn of the health risks of cellular phones, plaintiffs were unable to satisfy the actual damages requirement on a theory that defendant's cellular phones *may* cause injury); *Yu v. Int'l Bus. Mach., Inc.,* 314 Ill. App. 3d 892, 897, 732 N.E.2d 1173, 1178 (Ill. App. Ct. 2000)

---

2d at 420-23, 775 N.E.2d at 961; *Tudor v. Jewel Food Stores, Inc.,* 288 Ill. App. 3d 207, 210, 681 N.E.2d 6, 8 (Ill. App. Ct. 1997).

(dismissing consumer fraud complaint because claim that the allegedly concealed issue *may* cause harm was insufficient to establish a legally cognizable present injury). Moreover, were plaintiff's iPhone to manifest a battery-related defect during the warranty period, it would be covered under warranty, and plaintiff would have no damage. *See Priebe v. Autobarn, Ltd.,* 240 F.3d 584, 589 (7th Cir. 2001) (affirming summary judgment on CFA claim where plaintiff did not suffer any damage because his repair costs were covered by insurance). Plaintiff has not proffered any facts to satisfy the requirement of actual damages.

### 4.    Plaintiff Cannot Demonstrate Proximate Causation.

A private plaintiff making a claim under the CFA must show that actual damage occurred "as a result of" the defendant's deceptive act. 815 Ill. Comp. Stat. 505/10a(a); *Zekman v. Direct Am. Marketers*, 182 Ill. 2d 359, 374, 695 N.E.2d 853, 861 (Ill. 1998) (explaining that CFA requires proximate causation). Under the CFA, a plaintiff must prove that he or she was actually deceived in order to establish the element of proximate causation. *Avery,* 216 Ill. 2d at 199, 835 N.E.2d at 860. Plaintiff cannot do so here — Apple's disclosures of the allegedly concealed information preclude any finding that plaintiff was actually deceived. *See Jensen,* 371 Ill. App. 3d at 690, 862 N.E.2d at 1098-99 (affirming summary judgment to defendant on CFA claim because actual deception cannot be established when there is no evidence of an omission); *Perona,* 292 Ill App. 3d at 69, 684 N.E.2d at 867 (explaining that proximate cause under the CFA could not be established for consumers who purchased after Audi issued disclosure). Summary judgment is warranted for this additional reason.

### C.    Plaintiff Cannot Establish the Required Elements for Fraudulent Concealment.

Plaintiff contends that the purported omissions by Apple rise to the level of common-law fraudulent concealment. That claim requires plaintiff to prove:

(a)    the concealment of a material fact;

(b)    that the concealment was intended to induce a false belief, under circumstances creating a duty to speak;

(c)    that the innocent party could not have discovered the truth through a reasonable inquiry or inspection, or was prevented from making a reasonable inquiry or inspection, and relied upon the silence as a representation that the fact did not exist;

(d)    that the concealed information was such that the injured party would have acted differently had he been aware of it; and

   (e)  that reliance by the person from whom the fact was concealed led to his injury.

*See, e.g., Lefebvre Intergraphics, Inc. v. Sanden Mach. Ltd.*, 946 F. Supp. 1358, 1367 (N.D. Ill. 1996); *Kelly,* 308 Ill. App. 3d at 644-45, 720 N.E.2d at 692-93. Failure to establish any one of these elements requires summary judgment.

   Apple's disclosures preclude any finding of concealment, an intent to deceive, or proximate cause. In addition, given the indisputable facts related to Apple's disclosures, plaintiff cannot possibly establish that reliance upon the alleged omissions was reasonable or that he "could not have discovered the truth through a reasonable inquiry or inspection" or was prevented from doing so. *See Davis,* 396 F.3d at 882 (ruling that reliance could not be established as a matter of law because plaintiff had ample opportunity to read materials disclosing the allegedly concealed information); *Charles Hester Enters.*, 137 Ill. App. 3d at 94, 484 N.E.2d at 357 ("When [plaintiff] is afforded the opportunity of knowing the truth of the representations he is chargeable with knowledge; and if he does not avail himself of the means of knowledge open to him he cannot be heard to say he was deceived by misrepresentations.").

   Equally fatal to plaintiff's fraudulent concealment claim is the absence of any duty by Apple to disclose the allegedly concealed facts. "In order to state a claim for fraudulent concealment, a plaintiff must allege that the defendant concealed a material fact when he was under a duty to disclose that fact to plaintiff." *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 500, 675 N.E.2d 584, 593 (Ill. 1996). A duty to disclose a material fact arises when plaintiff and defendant are in a fiduciary or confidential relationship or when defendant contributes to and intentionally fails to correct plaintiff's misapprehension of material facts. That is not the situation here. *See Miller v. William Chevrolet,* 326 Ill. App. 3d 642, 657, 762 N.E.2d 1, 13 (Ill. App. Ct. 2001) (affirming dismissal of fraudulent concealment claim because sales transaction between a car dealer and a prospective customer cannot give rise to a confidential relationship sufficient to impose a duty of disclosure); *Lefebvre,* 946 F. Supp. at 1367.

   Finally, plaintiff cannot establish actual damages. *See section IV.B.3, supra; see also Kelly,* 308 Ill. App. 3d at 645, 720 N.E.2d at 692-93 (dismissing fraudulent concealment claim where plaintiff could not establish a present compensable injury).

   **D.**  **Plaintiff Has No Cause of Action for Breach of Implied Warranties.**

   Plaintiff contends that Apple breached the implied warranty of merchantability and the implied warranty of fitness for a particular purpose pursuant to 810 Ill. Comp. Stat. 5/2-314 or

5/2-315.  Plaintiff relies on the same alleged omissions — that the battery is not user-replaceable, that the battery has a limited lifetime, and the costs and details of the battery replacement program — to argue that the iPhone is "not reasonably fit for its ordinary use and/or particular purpose."  (Compl. ¶ 34.)  Plaintiff cannot satisfy the necessary elements for his warranty claims.

### 1.    Plaintiff's Failure to Provide Notice to Apple Is Fatal to Any Claim for Breach of Implied Warranty.

Notice is a statutory requirement and an essential element in every action for breach of warranty (express or implied).  810 Ill. Comp. Stat. 5/2-607(3)(a) (2007) ("[T]he buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy."); *Connick*, 174 Ill. 2d at 495, 675 N.E.2d at 590-91.  Plaintiff did not provide Apple with the requisite notice and does not allege that he provided Apple with such notice.  Apple has received no request for iPhone battery-related service from plaintiff.  (UF 48.)  Nor can the filing of plaintiff's lawsuit satisfy his notice obligation.  "[T]he commencement of a lawsuit does not satisfy the notice requirement unless the consumer sues for personal injuries."  *Connick,* 174 Ill. 2d at 495, 675 N.E.2d at 590-91; *Perona,* 292 Ill. App. 3d at 64, 684 N.E.2d at 864.[3]

Plaintiff's failure to provide the mandatory notice is irremediable and is fatal to both his claim for breach of the implied warranty of merchantability and his claim for breach of the implied warranty of fitness for a particular purpose.

### 2.    Plaintiff Cannot Establish that His iPhone Was Not Merchantable at the Time of Sale.

A claim for breach of the implied warranty of merchantability requires that plaintiff establish that the goods were not merchantable at the time of sale, and "merchantable" is defined as "fit for the ordinary purposes for which such goods are used."  *See* 810 Ill. Comp. Stat. 5/2-314 (2007); *Industrial Hard Chrome, Ltd. v. Hetran, Inc.,* 64 F. Supp. 2d 741, 748 (N.D. Ill. 1999).  Plaintiff alleges that the iPhone is not "reasonably fit for its ordinary use . . . in that when Plaintiff and the class purchased their iPhone they never contemplated [that]" the iPhone battery is not user-replaceable, that the iPhone battery has a limited lifespan, and the costs and details of the BRP.  (Compl. Count IV, ¶ 34.)  This cannot form the basis for a merchantability claim.

---

[3] When the breach has not resulted in personal injury, the UCC expresses a policy that, if possible, the breach be cured without a lawsuit. *Connick,* 174 Ill. 2d at 495, 675 N.E.2d at 590-91.  Plaintiff alleges no personal injury, and has failed to give Apple any opportunity to redress an alleged breach.

Plaintiff cannot base a merchantability claim on conditions that, as here, were disclosed. *See Kaczmarek v. Microsoft Corp.,* 39 F. Supp. 2d 974, 977-78 (N.D. Ill. 1999) (dismissing implied warranty claim because allegedly concealed issue was discussed in the user manual); *Haddix v. Playtex Family Prods. Corp.,* 964 F. Supp. 1242, 1246-47 (C.D. Ill. 1997) (granting defense summary judgment on implied warranty claim because issue that allegedly rendered the product unmerchantable was disclosed).

### 3.    Plaintiff Cannot Satisfy the "Particular Purpose" Requirements.

An implied warranty of fitness for a particular purpose requires that the goods be for a specific, particular purpose *other than their ordinary use.* 810 Ill. Comp. Stat. 5/2-315 (2007). "A 'particular purpose' differs from the ordinary purpose in that it envisages a specific use by the buyer." Comment 2, 810 Ill. Comp. Stat. 5/2-315. Plaintiff fails to specify any particular purpose for which he purchased the iPhone. Plaintiff's sole allegation in this regard that the "iPhone has been sold with the implied warranty that they are fit for ordinary use and/or particular purposes for which cellular phones are used" is insufficient. (Compl. ¶ 32.) This is not an allegation of any particular purpose other than the ordinary use of a cellphone. *See In re McDonalds French Fries Litig.,* 503 F. Supp. 2d 953, 957 (N.D. Ill. 2007) (dismissing claim for breach of implied warranty of fitness for a particular purpose where plaintiff failed to identify non-ordinary use).

Further, plaintiff also must establish that he made the particular purpose for which the article was purchased known to the seller before sale and that he relied on the seller's skill or judgment in selecting suitable goods. 810 Ill. Comp. Stat. 5/2-315; *Bimex Corp. v. Elite Plastic Servs.,* 200 Ill. App. 3d 589, 593, 558 N.E.2d 299, 301 (Ill. App. Ct. 1990). Plaintiff's Complaint is devoid of any allegations that at the time of sale, Apple had reason to know of the particular purpose for which he required the iPhone or that he relied on Apple's skill or judgment to provide him with goods that were suitable for such particular purpose.

### 4.    Plaintiff Cannot Satisfy the Damages Requirement

As a final independent ground for granting Apple's summary judgment motion, plaintiff has not suffered any damage. Damages are an essential element of any warranty claim and cannot be based on speculation. *Valenti v. Mitsubishi Motor Sales of Am., Inc.,* 332 Ill. App. 3d 969, 973, 773 N.E.2d 1199, 1203 (Ill. App. Ct. 2002); *Verb,* 284 Ill. App. 3d at 472, 672 N.E.2d

at 1295 (rejecting theory of future damage as too speculative). Since plaintiff has not alleged that he sustained any actual battery-related problem or cost, he cannot establish cognizable damage. *See Yu*, 314 Ill. App. 3d at 897, 732 N.E.2d at 1177 (dismissing breach of implied warranty claim where plaintiff failed to allege the product actually malfunctioned and caused damages).

In addition, if plaintiff's battery proved defective *within* the first year of purchase, it would be covered under Apple's warranty (UF 46), and he would have no injury. *See, e.g., Belfour v. Shaumberg Auto,* 306 Ill. App. 3d 234, 239, 713 N.E.2d 1233, 1236 (Ill. App. Ct. 1999) (explaining that if defendant satisfies its warranty obligations, all claims are defeated). Conversely, any failure *after* the first year of purchase could not support an implied warranty claim because Apple has explicitly limited the duration of these implied warranties to the one-year duration of the written warranty. The iPhone's "One-Year Limited Warranty" states in conspicuous block print:

> ALL EXPRESS AND IMPLIED WARRANTIES, INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTIES AND CONDITIONS OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, ARE LIMITED IN TIME TO THE TERM OF THIS LIMITED WARRANTY. (UF 45.)

This type of warranty limitation is enforced in Illinois. 810 Ill. Comp. Stat. 5/2-316 (2007); *Norman v. Ford Motor Co.,* 160 Ill. App. 3d 1037, 1041, 513 N.E.2d 1053, 1055 (Ill. App. Ct. 1987); *Sampler v. City Chevrolet Buick Geo*, 10 F. Supp. 2d 934 (N.D. Ill. 1998) (dismissing implied warranty claim because defect manifested itself after the expiration of implied warranties as limited).

### E.    Plaintiff Has No Claim for Breach of Contract.

Plaintiff also attempts to recast his litany of alleged omissions as contractual breaches. Breach of contract requires offer and acceptance, consideration, definite and certain terms, performance of conditions, breach, and damages. *See, e.g., Vill. of S. Elgin v. Waste Mgmt. of Ill., Inc.,* 348 Ill. App. 3d 929, 810 N.E.2d 658, 669 (Ill. App. Ct. 2004); *Green v. Trinity Int'l Univ.*, 344 Ill. App. 3d 1079, 801 N.E.2d 1208, 1213 (Ill. App. Ct. 2003). At issue here are the absence of allegations concerning definite and certain terms, facts that would show a breach of such terms, and actual damages caused by such a breach.

The only alleged contractual terms stated in the complaint are that Apple offered to sell "a functional and complete phone with a battery." (Compl. ¶ 30.) Tellingly, plaintiff never

alleges that the iPhone he purchased lacked a battery or was non-functioning. Thus, he has not pled any breach of the alleged contractual terms he specified.

Nowhere has plaintiff identified any "definite and certain" contractual terms that would be breached by the alleged battery-related omissions because there is no such contract. Moreover, even if a contract with such terms had existed, plaintiff could not prove they had been breached because Apple disclosed the allegedly concealed facts. *See* section III.B, *supra.* Finally, plaintiff cannot establish actual loss or measurable damages resulting from a breach because he has not experienced any battery-related failure. *See* section IV.D.4, *supra; TAS Distrib. Co. v. Cummins Engine Co.,* 491 F.3d 625, 631 (7th Cir. 2007). Because there is no genuine issue that the pleadings fail to establish a breach of contract claim, summary judgment is warranted. *Celotex,* 477 U.S. at 322.

### F.    Plaintiff Has No Basis for an Unjust Enrichment Claim.

Plaintiff pleads unjust enrichment as an alternative to his claim for breach of contract. Plaintiff alleges that "Defendants . . . have voluntarily accepted and retained these benefits by intentionally fraudulently concealing, omitting, and/or misrepresenting the true capabilities and service fees associated with the iPhone battery prior to purchase by Plaintiff and the class." (Compl. Count V, ¶ 32.) Without wrongful conduct, there can be no unjust enrichment. "'[U]njust enrichment' is not descriptive of conduct that, standing alone, will justify an action for recovery. Rather, it is a condition that may be brought about by unlawful or improper conduct as defined by law, such as fraud, duress or undue influence, and may be redressed by a cause of action based upon that improper conduct." *Charles Hester Enters.,* 137 Ill. App. 3d at 90-91, 484 N.E.2d at 354-55.

Where, as demonstrated here, the plaintiff has no basis for any claim of wrongful conduct or unjust benefit, there is also no basis for unjust enrichment. *See Munch v. Sears Roebuck & Co.,* No. 06-C-7023, 2007 U.S. Dist. LEXIS 62897, at *22 (N.D. Ill. Aug. 27, 2007) (dismissing unjust enrichment claim when no wrongful conduct under the CFA had been established).

### G.    Plaintiff Has No Basis for Accounting.

Finally, plaintiff seeks an accounting. This claim also must fail. An accounting is an equitable remedy under Illinois law. In order to plead such a claim, plaintiff must establish:

> (a)    absence of an adequate remedy at law; and

> (b)    one of the following:

(1)    a breach of a fiduciary relationship between the parties;

(2)    a need for discovery;

(3)    fraud; or

(4)    the existence of mutual accounts which are of a complex nature.

*See Cole-Haddon, Ltd. v. The Drew Philips Corp.,* 454 F. Supp. 2d 772 (N.D. Ill. 2006).

Plaintiff has an adequate remedy at law. Plaintiff has already identified the legal remedies that would apply, including claims under the CFA and the Illinois Commercial Code. *Id.* at 778. Thus, there is no basis for recourse to equitable remedies here.

Further, none of the additional requirements can be met. The purchase of plaintiff's iPhone triggered no fiduciary duty on Apple's part. *See Miller,* 326 Ill. App. 3d at 657, 762 N.E.2d at 13. Plaintiff cannot establish fraud. *See* section IV.C, *supra.* And, it is undisputed that this is not a case about complicated mutual accounts. *See, e.g., Newton v. Aitken,* 260 Ill. App. 3d 717, 722, 633 N.E.2d 213, 218 (Ill. App. Ct. 1994). There is no basis for an accounting.

## V.    CONCLUSION

For all the reasons set forth above, Apple respectfully requests that the Court grant its motion for summary judgment as to each of plaintiff's causes of action.

Dated:  December 7, 2007            Respectfully submitted,

APPLE INC.


By:/s//Patrick T. Stanton_____
                One of Its Attorneys

Patrick T. Stanton (#6216899)
Edward S. Weil (#6194191)
Schwartz Cooper Chartered
180 North LaSalle Street, Suite 2700
Chicago, Illinois 60601
(312)346-1300
*and*
Penelope A. Preovolos (admitted *pro hac vice*)
Andrew D. Muhlbach
Johanna W. Roberts (admitted *pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105
Telephone:  (415) 268-7000