IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE TRUJILLO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE COMPUTER, INC., a California Corporation, and AT&T MOBILITY LLC, a Georgia Corporation,<br><br>Defendants. | No. 07 CV 04946<br><br>Judge Kennelly<br>Mag. Judge Ashman |

**DEFENDANT AT&T MOBILITY LLC'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND DISMISS ACTION**

Defendant AT&T Mobility LLC ("ATTM") respectfully requests leave to submit supplemental authority in support of its motion to compel arbitration: the Illinois Appellate Court's recent decision in *Bess v. DirecTV, Inc.*, __ N.E.2d __, 2008 WL 740344 (Ill. App. Ct. Mar. 18, 2008) (attached as Exhibit A). In that decision ("*Bess II*"), the Illinois Appellate Court vacated its initial decision in *Bess v. DirecTV, Inc.*, 2007 WL 2013613 (Ill. App. Ct. July 10, 2007) ("*Bess I*").

In *Bess I*, the Illinois Appellate Court had affirmed the circuit court's denial of DirecTV's motion to compel arbitration, holding that the arbitration provision in DirecTV's contract with the plaintiff customer was procedurally unconscionable to such an extreme degree as to be invalid on that basis alone. Upon DirecTV's petition for rehearing, the Illinois Appellate Court in *Bess II reversed* the circuit court's denial of arbitration, holding that DirecTV's arbitration

provision is enforceable and remanding the case with directions to compel arbitration and stay proceedings. *See* 2008 WL 740344, at *1, *6-*8.

In this case, we anticipated that Plaintiff Jose Trujillo would rely upon *Bess I* in opposing our motion to compel arbitration. We therefore explained in our memorandum in support of that motion (at pages 6–7) that ATTM's arbitration agreement with Trujillo is not procedurally unconscionable under the criteria set forth in *Bess I*. In fact, Trujillo did not rely on *Bess I* in opposing our motion. In any event, *Bess I* is no longer relevant in light of *Bess II*, which **upholds** DirecTV's arbitration provision and therefore confirms that ATTM's arbitration provision is not susceptible to attack on procedural unconscionability grounds. *Bess II* also confirms that the Illinois public policy favoring the enforcement of arbitration agreements should inform a court's consideration of procedural unconscionability. *See* 2008 WL 740344, at *8.

WHEREFORE, ATTM respectfully requests that the Court grant leave for ATTM to file this notice of supplemental authority in support of ATTM's motion to compel arbitration and dismiss action.

Dated: March 27, 2008                                    Respectfully submitted,


/s Sarah E. Reynolds

Victoria Collado (#6204015)
Sarah E. Reynolds (#6287186)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 263-7711

2

Evan M. Tager (*pro hac vice*)
Archis A. Parasharami (*pro hac vice*)
Kevin Ranlett (*pro hac vice*)
MAYER BROWN LLP
1909 K Street, N.W.
Washington, DC 20006
Tel: (202) 263-3000
Fax: (202) 263-5000

*Attorneys for Defendant AT&T Mobility LLC*

# CERTIFICATE OF SERVICE

I, Sarah E. Reynolds, an attorney, I hereby certify that on March 27, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

James R. Rowe
THE LAW FIRM OF JAMES R. ROWE &
ASSOCIATES
205 West Randolph, Suite 1430
Chicago, IL 60603
(312) 345-1357
rowelegal@gmail.com

Larry D. Drury
LARRY D. DRURY, LTD.
205 West Randolph, Suite 1430
Chicago, IL 60603
(312) 346-7950
ldrurylaw@aol.com

Patrick T. Stanton
SCHWARTZ COOPER CHARTERED
180 North LaSalle Street, Suite 2700
Chicago, Illinois 60601
pstanton@scgk.com

Penelope A. Preovolos
Johanna W. Roberts
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
ppreovolos@mofo.com

Respectfully submitted,

/s/Sarah E. Reynolds

Dated: March 27, 2007

*Attorney for Defendant AT&T Mobility LLC*