IN THE UNITED STATES DISTRICT IN COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSE TRUJILLO, on behalf of himself )
and all others similarly situated, )
 )
           Plaintiff, )
 )
    vs. )    Case No. 07 C 4946
 )
APPLE COMPUTER, INC. )
and AT&T MOBILITY LLC, )
 )
          Defendants. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

    Jose Trujillo has sued Apple Computer, Inc. (Apple) and AT&T Mobility LLC (ATTM) over what he alleges amounts to a hidden, mandatory fee for replacement of the battery in Apple's iPhone. Apple has moved the Court for summary judgment on all of Trujillo's claims against it. For the reasons set forth below, the Court grants Apple's motion.

### Background

    Trujillo's lawsuit concerns the iPhone's battery. He alleges that a requirement that users send their iPhones in to Apple for battery replacement after about 300 charge cycles – which, if Apple's standard one-year warranty on the device has run, entails a $79 service fee, shipping charges, and a fee for an optional loaner iPhone in the interim – imposes "a de facto annual maintenance and/or service charge" worth nearly one-fifth of the iPhone's purchase price. Am. Compl. ¶ 22. Trujillo alleges that

both Apple and ATTM, in their marketing and promotion of the iPhone, hid the particulars of Apple's battery replacement program ("BRP") until after the device was launched for sale to the public, thus misleading consumers about the "true nature of the iPhone and its actual expense." Am. Compl. ¶ 31.

Trujillo originally filed suit in the Circuit Court of Cook County, Illinois in July 2007, asserting claims individually and on behalf of a putative class of similarly situated iPhone buyers. Apple removed the case to this Court on August 31, 2007, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005. Trujillo filed an amended complaint on September 6, 2007, asserting a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) and related common law claims for fraudulent concealment, breach of contract, breach of implied warranty, and unjust enrichment. Trujillo also seeks an accounting. In his complaint, Trujillo does not differentiate between Apple and ATTM; each claim is leveled against both defendants.

**Discussion**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When determining whether a genuine issue of material fact exists, the Court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002).

1. **Abandoned arguments and claim**

Apple correctly notes that Trujillo has dropped two of the three factual bases for his claims against Apple. In his amended complaint, Trujillo alleges that Apple did not disclose the limited durability of the iPhone's battery or that the battery is enclosed within the device and cannot be changed by the user but instead must be returned to Apple for this service. *See, e.g.*, Am. Compl. ¶¶ 17, 30a. In response to Apple's motion, however, Trujillo argues only that Apple hid the terms and costs of the BRP. Thus, although Trujillo has abandoned only one of his legal claims against Apple – his claim for an accounting, which he does not try to support – he now asserts only one factual basis for the remaining claims. Accordingly, his other contentions are forfeited. *See Laborers' Int'l Union of N. Am. v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999) (arguments not raised in opposition brief on summary judgment motion are deemed forfeited)*; Arendt v. Vetta Sports, Inc.*, 99 F.3d 231, 237 (7th Cir. 1996) (same).

The Court also notes that even if Trujillo had not forfeited his contention that Apple hid from consumers the iPhone battery's limited life and inaccessibility, the position would be untenable. The exterior of the box in which the customer receives his or her iPhone discloses what Trujillo, up to now, alleged was hidden. Specifically, the "feature label" affixed to the box states that the iPhone "[b]attery has limited recharge cycles and may eventually need to be replaced by Apple service provider. Battery life and charge cycles vary by use and settings. See www.apple.com/batteries." Jensen Decl. ¶ 3, Ex. A. Although the quoted sentences are the ninth and tenth sentences of a footnote that appears in smaller typeface than the feature label's main text – which is

primarily dedicated to listing the features of the iPhone – there could be no serious contention that this information was hidden from buyers.

As Trujillo now concedes, iPhone buyers were thus made aware of the limited life of the iPhone battery and the need for an authorized service provider to replace it. As Court will explain, based on these two disclosures, Trujillo cannot prevail on his claim that Apple's alleged concealment of a third piece of information – namely, the costs and other details of Apple's BRP – constituted consumer fraud or common law fraud.

One final introductory point. A careful observer might note that the theory upon which Trujillo attempts to sustain his claims against Apple, namely the nondisclosure of the costs and terms of the BRP, differs somewhat from what appears to be his theory of liability as to ATTM. As indicated in the Court's ruling on ATTM's motion to compel arbitration, just recently issued, Trujillo's theory of liability against ATTM appears to be premised upon the interaction between the need to replace the iPhone battery within less than two years after purchase of the device and ATTM's requirement of a two-year minimum service contract. In his response to Apple's motion for summary judgment, however, Trujillo does not rely upon the ATTM service contract aspect of his contentions. The Court therefore addresses Trujillo's claims against Apple as he has chosen to argue them.

2. **ICFA claim**

Apple argues that no reasonable jury could find Trujillo satisfies even a single required element of a claim under the ICFA – a deceptive act, intention on Apple's part that Trujillo rely on that deception, damages, or proximate causation, *see Gehrett v.*

4

*Chrysler Corp.*, 379 Ill. App. 3d 162, 882 N.E.2d 1102, 1114 (2008) – because Apple actually disclosed the very things Trujillo alleges it hid. Among other things, Apple contends that its disclosure of the battery's limited life and the potential need for replacement on the iPhone box, and its disclosure of the shipping and service costs and other details of the BRP on Apple's website, undermine Trujillo's claims of deceptive concealment, as there was no concealment at all.

The Court need not, however, address the sufficiency or accessibility of the facts identified on Apple's website. Rather, Trujillo's claim fails at a more basic level: he has not offered evidence from which a reasonable jury could find the deceptive conduct necessary to sustain a claim under the ICFA.

Under the ICFA, a statement or omission is deceptive if it creates the likelihood of deception or has the capacity to deceive. *See, e.g., Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938 (7th Cir. 2001). If other information disclosed or available to the consumer dispels any tendency to deceive, there is no deception. *Id.* at 938, 939.

Such is the case with Apple's alleged omission or concealment of the cost of the BRP to the consumer. As noted earlier, Apple disclosed on the outside of the iPhone package that the device's "[b]attery has limited recharge cycles and may eventually need to be replaced by Apple service provider." Though this was in small print, Trujillo does not argue in his response to Apple's summary judgment motion that this information was hidden or obscured. More particularly, he does not argue that this disclosure should not be taken into account in determining whether he can establish the elements of his claims.

Under the circumstances, no reasonable jury could find that deception occurred.

5

The disclosure of the fact that the battery may "eventually" need to be replaced "by [an] Apple service provider" was sufficient to make it reasonably clear that some out of pocket expense to the iPhone owner might be involved; indeed, the iPhone had only a one-year warranty. No reasonable consumer aware of this information would think that the replacement would be forever free of charge.

In his opposition brief, Trujillo argues this point in terms of the alleged materiality of what he contends Apple omitted. For example, Trujillo argues that "the price, shipping costs, terms, etc., of the BRP are material facts where they would 'result in extra costs that were effectively concealed by the defendant.'" Pl. Opp. Br. at 13 (quoting *Chandler v. Am. Gen. Fin., Inc.*, 329 Ill. App. 3d 729, 741, 768 N.E.2d 60, 70 (2002)). Trujillo contends that the imposition of "extra and substantial costs" worth roughly twenty percent of the iPhone's purchase price and Apple's concealment of these costs make the BRP's terms material. *Id.* at 13-14.

The Court disagrees. Materiality, a requirement to sustain a claim under the ICFA based on omission or concealment of facts, is measured via a reasonable person standard – "i.e., whether the omission 'concerned the type of information upon which a buyer would be expected to rely in making a decision whether to purchase.'" *Kitzes v. Home Depot, U.S.A., Inc.*, 374 Ill. App. 3d 1053, 1061, 872 N.E.2d 53, 60-61 (2007) (quoting *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 505, 675 N.E.2d 584, 595 (1996)). The test is an objective one. *See Hartmarx Corp. v. JBA Int'l, Inc.*, No. 99 C 4874, 2002 WL 406973, at *7 (N.D. Ill. Mar. 15, 2002) (citing *Ryan v. Wersi Elec. GmbH and Co.*, 59 F.3d 52, 54 (7th Cir. 1995)) (noting that the Illinois Supreme Court's

*Connick* decision supplanted the "arguably . . . subjective test" for materiality under the ICFA set out by the Seventh Circuit in *Ryan*).

Whether phrased in terms of materiality or in terms of the threshold issue of deception, the result is the same. In light of the information that Apple disclosed on the outside of the iPhone package – the battery's limited life and the potential need to have it replaced by an outside vendor, as well as the term of the warranty – no reasonable jury could find that any reasonable consumer possibly could consider the missing information – the expense involved – significant in making a decision whether to purchase the device.

In his response to Apple's motion, Trujillo characterizes the costs of battery replacement as "extra." In doing so, he implies that Apple is charging consumers some amount beyond the advertised price simply to obtain the iPhone, in a way comparable to the "bait-and-switch" alleged in *Chandler*. *See Chandler*, 329 Ill. App. 3d at 739, 768 N.E.2d at 69. In that case, the plaintiffs alleged that the defendant lender had misled them into thinking that they were receiving a new loan when they actually were having an existing loan refinanced at a higher cost than a new loan would have entailed. *See id.* at 731, 768 N.E.2d at 62. Apple's BRP does not involve representing one thing as another or getting consumers to buy something other than what they came to purchase. As indicated earlier, Apple disclosed on the iPhone box that the battery had a limited life and might need to be replaced by an Apple vendor. As the Court has noted, there is simply no basis upon which a jury reasonably could find that any reasonable consumer would believe that the replacement did not entail some cost.

In short, there was no bait-and-switch. The BRP amounts to a program for

replacing a consumable part of the iPhone that may cease to function effectively in the future, possibly after the one-year warranty period has run. *See* Def. Statement of Facts ¶ 29. Apple did not commit a deceptive act by failing to disclose the obvious, namely that this would cost the consumer, or even that it would cost him something. By way of analogy, a seller of a new car is not required to disclose to the buyer, up front, the likely cost of replacing the car's tires, brakes, or even its transmission at some point before it becomes cost-justified for the buyer to scrap the car and acquire a new one.

In sum, there is no genuine issue of material fact as to the immateriality of the cost and other details of Apple's BRP. Without this, Trujillo cannot satisfy this basic requirement of an ICFA claim. Accordingly, Apple is entitled to summary judgment on this claim.

3.  **Fraudulent concealment claim**

Apple argues that Trujillo cannot satisfy the elements of fraudulent concealment, alleged in the second count of Trujillo's complaint, largely for the same reasons that he cannot satisfy the elements for a private cause of action under the ICFA. For the reasons described above, Trujillo cannot show that the information Apple allegedly concealed is material. There is no genuine issue of material fact as to Trujillo's inability to satisfy a basic requirement of his common law fraudulent concealment claim. Therefore, Apple is entitled to summary judgment on this claim.

4.  **Breach of implied warranty claim**

With regard to Trujillo's claim for breach of implied warranty, Apple contends that Trujillo failed to meet the statutory requirement of notice to the seller, which precludes

8

any recovery. Apple also argues that Trujillo cannot establish a breach of the implied warranty of merchantability because there was no defect, only "the ordinary requirement that he pay for the replacement of a consumable part post-warranty." Def. Reply at 12. Apple also repeats its argument that the information Trujillo alleges was concealed from him was in fact disclosed.

Trujillo counters that he need not have given Apple notice of the alleged breach of implied warranty because Apple had actual notice – "after all, it was [Apple] who purposefully omitted and concealed" the terms of the BRP. Pl. Opp. Br. at 14. With regard to merchantability, Trujillo says that "hidden costs" associated with the BRP rendered the iPhone not fit for the ordinary purpose for which it is used. Trujillo's argument is unclear, but it appears that he means the iPhone could only be made to function upon the failure of its original battery if the buyer incurred these "hidden costs." In the corresponding section of his complaint, Trujillo alleges that the iPhone is not merchantable because it was sold "with the implied warranty that . . . all costs associated with the use of same are disclosed in advance of the purchase." Am. Compl. ¶ 32.

This argument fails. The Court is unable to find any support in the caselaw on implied warranty for the proposition that a seller's failure to disclose the costs of replacing a device's consumable parts somehow breaches the implied warranty of merchantability. (Trujillo cites only to a 1923 case involving affirmative misrepresentations about a shoddy overcoat's quality, then suggests that the coat's threads are somehow analogous to the iPhone's battery.)

Moreover, Trujillo's merchantability argument misses important points about

9

timing and defects. "An implied warranty of merchantability applies to the condition of the goods at the time of sale and is breached only if the defect in the goods existed when the goods left the seller's control." *Lipinski v. Martin J. Kelly Oldsmobile, Inc.*, 325 Ill. App. 3d 1139, 1150, 759 N.E.2d 66, 75 (2001). The disclosed eventuality of the iPhone battery's depletion does not involve the iPhone's condition at the time of sale. Nor is this a defect or non-conforming condition, something that Apple correctly points out is required for a merchantability claim. *See Mullen v. Gen. Motors Corp.*, 32 Ill. App. 3d 122, 129-30 336 N.E.2d 338, 344 (1975). The fact that it will cost something to replace the battery after the iPhone's warranty runs does not burden the buyer in the way that the buyer in *Mandel Bros. v. Mulvey*, 230 Ill. App. 588 (1923), the case Trujillo cites, was burdened by the need to replace his subpar overcoat with a new one after only two months.

As Apple correctly observes, Trujillo's opposition brief is devoid of argument regarding the alleged breach of the implied warranty of fitness for a particular purpose. Accordingly, he has forfeited this argument. *See Laborers' Int'l Union*, 197 F.3d at 1197.

In sum, Apple is entitled to summary judgment on Trujillo's claim for breach of implied warranty.

5.  **Breach of contract / unjust enrichment claims**

With regard to Trujillo's breach of contract claim, Apple argues that there is no genuine issue of material fact as to its compliance with the only agreement that could have existed between it and Trujillo: namely, to sell him a functional and complete

10

iPhone, including a battery. Apple contends there was no "definite and certain" contractual term that Apple could have breached through the alleged omission of facts about its BRP – and anyway, the relevant details were adequately disclosed. Trujillo counters only by saying that no such disclosure was made.

Trujillo in effect abandons his breach of contract claim by ignoring the basic contractual argument put forward by Apple. Trujillo does not argue, for example, that Apple agreed, as part of the sale transaction for "a functional and complete iPhone," Am. Compl. ¶ 32, to replace any depleted or broken parts indefinitely at no cost beyond the initial purchase price. Nor does Trujillo point to anything approaching a contract term that is sufficiently concrete for the Court to enforce. "The definite and certain terms requirement . . . ensure[s] that parties in fact have reached an agreement and . . . provide[s] courts with a basis for enforcing the obligations that the parties sought to impose upon one another." *Ass'n Ben. Servs., Inc. v. Caremark Rx, Inc.*, 493 F.3d 841, 850 (7th Cir. 2007) (citing Restatement (Second) of Contracts § 33 & cmt. (a)-(b)). No reasonable jury could conclude that Apple had breached any such contract term. Accordingly, Apple is entitled to summary judgment on Trujillo's breach of contract claim.

On Trujillo's alternative claim of unjust enrichment, Apple argues that it has engaged in no improper conduct that could be the basis for such a claim. Trujillo counters that there are genuine issues of material fact as to unlawful or improper conduct in the form of Apple's alleged fraudulent concealment of the cost and other details of the BRP. In reply, Apple again says that Trujillo's unjust enrichment claim thus fails for the same reason that his fraudulent concealment claim fails.

Under Illinois law, recovery for unjust enrichment is available when the plaintiff has no adequate remedy at law, the defendant has unjustly retained a benefit to plaintiff's detriment, and that retention violates fundamental principles of justice, equity, and good conscience. *See HPI Health Care Servs., Inc. v. Mt. Vernon Hosp.*, 131 Ill. 2d 145, 160, 545 N.E.2d 672, 679 (1989) (citing *Drury v. County of McLean*, 89 Ill. 2d 417, 425-26, 433 N.E.2d 666, 670 (1982)). "[U]njust enrichment . . . may be brought about by unlawful or improper conduct as defined by law, such as fraud, duress, or undue influence." *Charles Hester Enters., Inc. v. Ill. Founders Ins. Co.*, 137 Ill. App. 3d 84, 90-91, 484 N.E.2d 349, 354 (1985). As Apple notes, the only form of wrongful conduct Trujillo identifies in connection with his unjust enrichment theory is "fraud, consumer fraud, etc." Pl. Opp. Br. at 16. Because the Court has granted summary judgment in Apple's favor on those claims, Apple is entitled to summary judgment on the unjust enrichment claim as well.

## Conclusion

For the reasons stated above, the Court grants Apple's motion for summary judgment [docket no. 53].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 23, 2008